

**NUMBER 13-06-00202-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MANUEL GONZALEZ SOTO,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

**On appeal from the 398th District Court
of Hidalgo County, Texas**

---

**DISSENTING OPINION**

**Before Justices Yañez, Rodriguez, and Vela
Dissenting Opinion by Justice Vela**

The majority reverses Soto's convictions on the bases that the charge erroneously permitted a conviction on a less-than-unanimous verdict on the alternative paragraphs alleged in Count 1 (aggravated sexual assault of a child) and Count 2 (indecency with a child by contact) and that Soto "was egregiously harmed by the error" and "[a]s a result of

the non-unanimous verdict error in Counts 1 and 2, we cannot determine whether the jury erroneously relied on conduct subsumed within offenses charged in Counts 1 and 2 in convicting [Soto] in Count 3." Because I would hold that Soto did not suffer egregious harm and because the record does not show that the jury erroneously relied on conduct subsumed within offenses charged in Counts 1 and 2 in convicting Soto in Count 3, I must dissent from the majority's opinion.

## I. Egregious Harm

By issue five, Soto argues the trial court erred by failing to instruct the jurors they must reach a unanimous verdict with respect to the alternative paragraphs of Count 1 (aggravated sexual assault of a child) and Count 2 (indecency with a child by contact). When we review a charge for alleged error, we determine (1) whether charge error actually existed, and (2) whether any resulting harm requires reversal. *Castaneda v. State,* 28 S.W.3d 685, 694 (Tex. App.–Corpus Christi 2000, no pet.).

## 1. Requirement of Unanimous Verdict

Verdict unanimity is required in felony criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2007). A unanimous jury verdict "ensures that the jury agrees on the factual elements underlying an offense," requiring "more than mere agreement on a violation of a statute." *Francis v. State,* 36 S.W.3d 121, 125 (Tex. Crim. App. 2000).

Here, the court instructed the jury disjunctively on Counts 1 and 2. The jury returned a separate, general guilty verdict for Count 1 and a separate, general guilty verdict for Count 2. Because each act proscribed by penal code sections 22.021 (aggravated sexual assault of a child) and 21.11 (indecency with a child by contact) constitutes a separate statutory offense, the court's disjunctive submission prevented jury unanimity for Counts

2

1 and 2. *See Pizzo v. State*, 235 S.W.3d 711, 718 (Tex. Crim. App. 2007); *Vick v. State*, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999). Therefore, the trial court erred in submitting the charge in the disjunctive form. *See id.*

2. Harm Analysis

When, as in this case, an accused fails to object to the charge, an appellate court will not reverse, unless the error was so egregious, and created such harm, that the accused has not had a fair trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Under the *Almanza* egregious-harm standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from the jury-instruction error. *Id.* at 174. Egregious harm consists of errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State,* 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State,* 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). To determine whether a defendant has sustained egregious harm from an instruction to which he did not object, an appellate court considers: (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

(i) *The Charge*

The court instructed the jury on the State's burden of proof[1] and the requirement of

_____

[1]The court instructed the jury: "The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant."

a unanimous verdict.[2]

(ii) *State of the Evidence and Contested Issues*

With respect to Count 1—aggravated sexual assault of a child—the evidence showed Soto penetrated the child victim's mouth with his sexual organ and that he caused his sexual organ to contact the child victim's mouth. Sotos's acts of putting his sexual organ into the child victim's mouth necessarily resulted in contact between the child victim's mouth and Soto's sexual organ. There is no evidence of any other act or acts of contact between the child victim's sexual organ and Soto's finger. Thus, certainly, the jurors unanimously found Soto guilty of both penetrating the child victim's mouth with his sexual organ and causing her mouth to contact his sexual organ.

With respect to Count 2—indecency with a child by contact—the child victim testified that Soto made her rub his sexual organ. The outcry witness, Officer Saldana, testified the child victim told him that Soto "made her rub [his sexual organ] up and down." Lorenza Guerrero testified the child victim told her that Soto "would have her hold his private part . . . with her hand." Thus, the evidence showed that Soto caused the child victim to touch part of his genitals.

Guerrero testified that Soto touched the child victim "[t]o the genital area. She told me she had been touched in her genital area." Guerrero stated that "he would be rubbing his private part to the female's sexual organs" "like the vaginal area, the front." Thus, the evidence showed that Soto touched part of the child victim's genitals. There is no evidence

---

[2]The court instructed the jury: "Your verdict must be unanimous. Unanimous means all 12 of you must vote, and after you have reached a unanimous verdict, the presiding juror will certify thereto by signing the appropriate form attached to this charge."

to show that Soto touched the child victim's breasts.[3]

There is nothing in the record to suggest that a juror would believe Soto was guilty of touching the child victim's genitals, but harbor a reasonable doubt concerning whether he ever caused her to touch his genitals.

(iii) *Arguments of Counsel*

During the State's closing argument[4] at the guilt-innocence stage, the prosecutor mentioned the three alternative statutory offenses submitted under Counts 1 and 2. However, the prosecutor did not tell the jury that they need not follow the trial court's unanimous-verdict instruction. Moreover, the alternative statutory offenses submitted to

---

[3]The child victim testified Soto had touched her chest. However, this testimony is insufficient to show he touched her breasts. In *Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974), the question before the court of criminal appeals was whether the victim's testimony that "he rubbed my chest" was sufficient to sustain the allegation in the indictment that the defendant did "place his hand against the breasts" of the victim. The court found the evidence insufficient because the definition of "chest" was patently broader than the definition of "breast" and "includes a larger area of the body than that encompassed by the latter." *Nelson,* 505 S.W.2d at 552.

[4]Regarding Counts 1 and 2, the prosecutor stated:

> Keep in mind, ladies and gentlemen, that either one of these--let's say you find that there was contact that his sexual organ, his penis, contacted the mouth of the victim. That's enough for an aggravated sexual assault. There is three different manner and means. You don't have to agree--all of you don't have to agree that one of these happened, as long as you all agree that either one of these happened. Okay. The Judge told you that it has to be unanimous, meaning that all 12 of you have to decide guilty or not guilty.

> And as far as manner and means, one person will say, Well, you know what? I believe the evidence showed that his sexual organ contacted the mouth of somebody else. Well, you say, you know what? I think that it not only contacted but he put his penis in her mouth. Well, that's enough for an aggravated sexual assault in that regard.

> * * *

> So if you find in Count 2 he made her touch part of his genitals, then you will also find him guilty of indecency with a child, or that he touched her breasts or that she touched any part of his genitals, either one of these.

> If one of you says, Well, you know what? I think the evidence shows that he touched her breasts, but there was no evidence that he touched part of her genitals and the evidence shows that all of these happened, but if any one of you have a question as to which one it was, as long as it was either one of these, you will find him guilty of indecency with a child.

5

the jury under Counts 1 and 2 were not mutually exclusive.  *See Ngo v. State,* 175 S.W.3d 738, 751-52 (Tex. Crim. App. 2005) (holding that defendant could not be guilty of both stealing credit card and receiving stolen credit card from thief).

(iv)  *Other Relevant Information*

Soto's defensive strategy was to undermine the child victim's credibility by adducing evidence that she and her mother were liars.  In other words, Soto's defensive theory was that the State had failed to prove beyond a reasonable doubt that he was guilty of *any* of the offenses alleged against him.  The jury obviously resolved the credibility issue in the child victim's favor.

I conclude the trial court's disjunctive submission did not constitute error affecting the very basis of the case or error that deprived Soto of a valuable right, vitally affected a defensive theory, or made the case for conviction or punishment clearly and significantly more persuasive.  *See Saunders,* 817 S.W.2d at 692.  I would hold, therefore, that the disjunctive submission of the three distinct statutory offenses alleged in Counts 1 and 2, without requiring unanimity concerning the distinct statutory offenses, did not result in egregious harm to Soto.  I would overrule issue five.

## II.  Whether the Jury Erroneously Relied on Conduct Subsumed within Offenses Charged in Counts 1 and 2 in Convicting Soto in Count 3

Soto did not object to the submission of Count 3 to the jury, and he did not raise this issue on appeal.  Count 3–indecency with a child by exposure–is a separate offense from aggravated sexual assault of a child (Count 1) or indecency with a child by contact (Count 2).  *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (Vernon 2003).  The evidence showed Soto exposed his genitals to the child victim.  The trial court submitted Count 3 to the jury in a single paragraph.  Accordingly, the jury reached a unanimous guilty verdict on Count

3. The record does not show that the jury erroneously relied on conduct subsumed within offenses charged in Counts 1 and 2 in convicting Soto of indecency with a child by exposure. For these reasons, I respectfully dissent.

I would affirm the trial court's judgments.

ROSE VELA
Justice

Publish. TEX. R. APP. P. 47.2(b).

Dissenting Opinion delivered and
filed this 29th day of July, 2008.