Barry Louis PIZZO, Appellant

v.

The STATE of Texas.

No. PD–1765–05.

Court of Criminal Appeals of Texas.

Sept. 26, 2007.

David S. Barron, Bryan, for Appellant.

Tuck Moody McLain, District Atty., Anderson, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

KEASLER, J., delivered the opinion for a unanimous Court.

Barry Louis Pizzo appealed his conviction for indecency with a child by contact, alleging that he was denied the right to a unanimous verdict because the indictment alleged breasts and genitals in the conjunctive and the instruction authorized a conviction if the jury found that he touched the breasts or genitals of the victim. Finding that the instruction properly charged different methods of commission disjunctively, the lower court affirmed.[1] We reverse and remand for a harm analysis.

### Procedural Background

Pizzo was charged with, among other things, indecency with a child by contact in violation of Section 21.11(a)(1) of the Penal Code.[2] Counts II and III of the indictment alleged that Pizzo

> on or about the 21st day of June, 2001 ... did then and there, with the intent to arouse and gratify the sexual desire of said Defendant, intentionally and knowingly engage in sexual contact by touching the **GENITALS AND BREASTS**, of [A.S.], a child younger than 17 years of age and not the spouse of the Defendant.

The evidence presented at trial showed that on two separate occasions—one in A.S.'s house and one in Pizzo's trailer—

---

1. *Pizzo v. State*, No. 13–03–392–CR, 2005 Tex. App. LEXIS 5457, at *2–4, 2005 WL 1713380, at *1 (Tex.App.-Corpus Christi July 14, 2005) (not designated for publication).

2. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp.2000); Tex. Penal Code Ann. § 21.01(2) (Vernon Supp.1989), Acts, 1979, 66th Leg., ch. 168, § 1, eff. Aug. 27, 1979.

Pizzo touched both the breasts and genitals of A.S. At the charge conference, asserting his right to a unanimous jury verdict, Pizzo objected to the proposed charge because the application paragraphs as to Counts II and III set out the form of sexual contact in the disjunctive. Pizzo stated:

the words 'breast' or 'genitals' in each, are charged obviously in the disjunctive. I'm requesting that they be charged in the conjunctive with an 'and' because otherwise, you don't know if six jurors decided 'genitals' and six decided 'breasts,' and the possibility of a non-unanimous verdict because it's charged in the same paragraph.

The trial judge overruled the objection and the charge submitted to the jury on Counts II and III read, in part, as follows:

if you find from the evidence, beyond a reasonable doubt, that on or about the 21st day of June, 2001 in Grimes County, Texas the defendant, BARRY LOUIS PIZZO, did then and there intentionally or knowingly engage in sexual contact with [A.S.] by touching the genitals or breasts of [A.S.], and [A.S.] was then and there under the age of seventeen years and not the spouse of the defendant, and that said act, if any, was committed with the intent on the part of the defendant to arouse or gratify the sexual desire of himself, then you will find the defendant guilty. . . .

As to Count II, the jury found Pizzo guilty and sentenced him to nine years' imprisonment and assessed a $7,000 fine. And, as to Count III, the jury found Pizzo not guilty.

Pizzo appealed his conviction under Count II and, in his sole point of error, he claimed that the trial judge erred "by overruling his objection to the court's charge requesting that the terms 'breast or genitals' be charged in the conjunctive rather than in the disjunctive."[3] In a memorandum opinion affirming the judgment of the trial court, the Corpus Christi Court of Appeals held that Pizzo was not denied his right to a unanimous verdict because the trial judge "properly charged both means of sexual contact disjunctively."[4] The court concluded that our holding in *Kitchens v. State*[5] was controlling.[6] In doing so, the court relied on the following statements from our opinion in *Kitchens*:

although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. It is appropriate where the alternative theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.[7]

In short, the court of appeals concluded that the touching of the breasts and genitals, which occurred during the same encounter, were not separate offenses but were only different means of committing the offense of indecency with a child by contact.[8]

---

**3.** *Pizzo*, 2005 WL 1713380, at *1, 2005 Tex. App. LEXIS 5457, at *2.

**4.** *Id.* 2005 WL 1713380, at *2, 2005 Tex.App. LEXIS 5457, at *4.

**5.** 823 S.W.2d 256, 258 (Tex.Crim.App.1991).

**6.** *Pizzo*, 2005 WL 1713380, at *1, 2005 Tex. App. LEXIS 5457, at *3–4.

**7.** *Id.* 2005 WL 1713380, at *1, 2005 Tex.App. LEXIS 5457, at *4 (quoting *Kitchens*, 823 S.W.2d at 258 (omitting citations)).

**8.** *Id.* 2005 WL 1713380, at *1, 2005 Tex.App. LEXIS 5457, at *3–4.

Pizzo filed a petition for discretionary review. We granted review to determine whether the court of appeals erred by failing to apply our ruling in *Francis v. State*, where we held that it was error to charge in the conjunctive when the breast-touching and genital-touching incidents were two separate indecency by contact offenses because they occurred on different dates.[9] Citing *Francis*, Pizzo's ground for review asks: Did the court of appeals err "in holding that the trial court's submission of a disjunctive in the court's charge concerning two different offenses, both constituting the offense of indecency with a child, was not a denial of [his] right to a unanimous jury verdict?" We conclude that the court of appeals erred because the jury instruction improperly charged two separate offenses in the disjunctive and therefore permitted a conviction on less than a unanimous verdict.

## Law and Analysis

 "Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases."[10] Unanimity ensures that all jurors reach a consensus "on the same act for a conviction."[11] To discern what a jury must be unanimous about, appellate courts examine the statute defining the offense to determine whether the Legislature "creat[ed] multiple, separate offenses, or a single offense" with different methods or means of commission.[12] "[J]ury unanimity is required on the essential elements of the offense" but is "generally not required on the alternate modes or means of commission."[13] Therefore, it is necessary to identify the essential elements or gravamen of an offense and the alternate modes of commission, if any.[14] This is accomplished by diagramming the statutory text according to the rules of grammar.[15] The essential elements of an offense are, at a minimum: (1) "the subject (the defendant);" (2) "the main verb;" (3) "the direct object if the main verb requires a direct object (i.e., the offense is a result-oriented crime);"[16] "the

**9.** 36 S.W.3d 121, 124–25 (Tex.Crim.App. 2000) (op. on reh'g).

**10.** *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim.App.2005) (citing *Francis*, 36 S.W.3d at 126 (Womack, J., concurring) (citing Tex. Const. art. V, § 13; Tex.Code Crim. Proc. Ann. arts. 36.29(a), 37.02, 37.03, 45.034–45.036)).

**11.** *Francis*, 36 S.W.3d at 125 (citing *United States v. Holley*, 942 F.2d 916, 925 (5th Cir. 1991)); *see also Ngo*, 175 S.W.3d at 745.

**12.** *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 127 S.Ct. 386, 166 L.Ed.2d 276 (2006) (quoting *State v. Johnson*, 243 Wis.2d 365, 627 N.W.2d 455, 459–60 (2001) and citing *Richardson v. United States*, 526 U.S. 813, 817–19, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999)); *Stuhler v. State*, 218 S.W.3d 706, 718–19 (Tex. Crim.App.2007); *see also Vick v. State*, 991 S.W.2d 830, 832–33 (Tex.Crim.App.1999) (analyzing aggravated sexual assault statute, Section 22.021, Penal Code, to determine wheth-
er it criminalizes different offenses or a single offense with alternate modes of commission).

**13.** *Jefferson*, 189 S.W.3d at 311 (quoting *Johnson*, 627 N.W.2d at 459–60 and citing *Richardson*, 526 U.S. at 817–19, 119 S.Ct. 1707); *see also Stuhler*, 218 S.W.3d at 718 (quoting *Jefferson*, 189 S.W.3d at 315–16 (Cochran, J., concurring)).

**14.** *Jefferson*, 189 S.W.3d at 311 (quoting *Johnson*, 627 N.W.2d at 459–60 and citing *Richardson*, 526 U.S. at 817–19, 119 S.Ct. 1707); *Stuhler*, 218 S.W.3d at 718 (quoting *Jefferson*, 189 S.W.3d at 315–16 (Cochran, J., concurring)).

**15.** *Jefferson*, 189 S.W.3d at 314–16 (Cochran, J., concurring); *Stuhler*, 218 S.W.3d at 718 (adopting the analytical construct provided by Judge Cochran in her concurring opinion in *Jefferson* ).

**16.** *Jefferson*, 189 S.W.3d at 316 (Cochran, J., concurring); *Stuhler*, 218 S.W.3d at 718

specific occasion[;]" [17] and the requisite mental state. The means of commission or nonessential unanimity elements are generally set out in "adverbial phrases" that describe how the offense was committed.[18] Such phrases are commonly preceded "by the preposition 'by[.]' " [19]

■ The unanimity requirement is not violated when the jury has the option of choosing between alternative modes of commission.[20] Therefore, different modes of commission may be presented in a jury instruction in the disjunctive when the charging instrument, in a single count, alleged the different means in the conjunctive.[21]

■ The version of the indecency with a child statute, Section 21.11, Penal Code, in effect when Pizzo committed the offense stated: "(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual contact with the child; . . . ." [22] The definition of "sexual contact," located in Section 21.01(2) of the Penal Code, was defined as follows: "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." [23]

Pizzo argues that the definition of sexual contact includes three "separate and discrete" offenses and that "the disjunctive pleading leaves all to speculate as to whether the verdict was truly unanimous—or whether the jurors were divided on that count or paragraph between the breast-touching and the genital-touching." Pizzo therefore claims that this case is controlled by Francis, which "condemned this type of charge under these circumstances." The State contends that the touching of the breast and genitals are different methods of committing the offense of indecency by contact "and therefore, may be proved disjunctively." The State asserts: "Where both types of contact occur at the same time, they constitute a single act." Because each incident involved the touching of the breasts and genitals, the State maintains that Francis is inapplicable.

Before we analyze the text of Penal Code Sections 21.11(a)(1) and 21.01(2), we consider our opinions in Kitchens, which the court of appeals relied on in affirming Pizzo's conviction, and Francis, which Pizzo relies on to support his claim of error by the court of appeals.

In Kitchens, we were called upon to decide whether the jury instruction, which set out two alternative ways of committing capital murder—in the course of sexual assault or robbery—in one application in the disjunctive when the two alternative theories had been alleged in separate paragraphs of the indictment in the conjunctive, failed to require a unanimous jury

(quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)).

17. Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring).

18. Jefferson, 189 S.W.3d at 315 (Cochran, J., concurring); Stuhler, 218 S.W.3d at 718 (quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)).

19. Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring); Stuhler, 218 S.W.3d at 718

(quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)).

20. Kitchens, 823 S.W.2d at 258.

21. Id.

22. TEX. PENAL CODE ANN. § 21.11.

23. TEX. PENAL CODE ANN. § 21.01 (currently codified at TEX. PENAL CODE ANN. § 22.11(c) (Vernon 2003), Acts 77th Leg., ch. 739 § 2, eff. Sept. 1, 2001).

verdict.[24] We concluded that a jury may issue a general verdict where different modes of commission are submitted in the disjunctive and there is sufficient evidence to support either mode of commission.[25] As a result, we held that the disjunctive jury instruction required a unanimous verdict.[26]

In *Francis*, the indictment charged Francis, the appellant, with one count of indecency by contact.[27] The State presented evidence of four separate acts but elected to proceed on two of the acts that had occurred on different dates, "one involving the touching of the victim's breasts and one involving the touching of the victim's genitals."[28] After the trial judge denied his request to require the State to elect between the two acts, Francis objected to the disjunctive jury instruction, stating " 'we would object to the language that says 'engage in sexual contact by touching the breast or genitals....' We would object to using the term 'or' and request that the charge be read 'breast and genitals ....' "[29] The trial judge overruled the objection and a jury ultimately found Francis guilty.[30] On appeal, Francis claimed that the jury charge "allowed a conviction on less than a unanimous verdict."[31] The Fort Worth Court of Appeals held that the "charge merely included different means of committing the charged offense[.]"[32] We granted review to determine whether the court of appeals erred.[33] Distinguishing *Kitchens*, we noted that "alternate theories of committing the same offense were not submitted to the jury in the instant case. Rather, two separate offenses were submitted to the jury in the disjunctive."[34] We observed that there had not been "a single incident alleged in which [Francis] touched both the breasts and the genitals of the victim."[35] We stated that "it is possible that six members of the jury convicted [Francis] on the breast-touching offense ... and six members convicted [Francis] on the genital-touching offense...."[36] We then held that the disjunctive jury instruction "created the possibility of a non-unanimous jury verdict" and reversed the judgment of the court of appeals.[37]

In this case, unlike *Francis*, the breast-touching and genital-touching occurred during that same incident. With that in mind, we will now examine the statutory text of Sections 22.11(a)(1) and 21.01(2) to determine whether the offense of indecency by contact includes three separate offenses or a single offense with different methods of commission.

Parsing the text of Section 21.11(a)(1) according to the rules of grammar, we end up with the following breakdown:

24. 823 S.W.2d at 257.

25. *Id.* at 258.

26. *Id.* at 258 n. 2.; *see also Martinez v. State,* 129 S.W.3d 101, 103 (Tex.Crim.App.2004) (holding that the unanimity requirement was not violated where jury was charged in the disjunctive on alternate theories of committing capital murder).

27. 36 S.W.3d at 122.

28. *Id.*

29. *Id.*

30. *Id.* at 122–23.

31. *Id.* at 123.

32. *Id.* at 122.

33. *Id.*

34. *Id.* at 124.

35. *Id.*

36. *Id.* at 125.

37. *Id.*

"A person"—subject (the defendant)

"commits"—verb

"an offense"—direct object

"if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex,"—prepositional phrase

"he"—subject

"engages in"—transitive verb phrase

"sexual contact"—direct object

"with a child"—prepositional phrase

The main verb here is "commits" and the direct object is "offense." The direct object "offense" refers to the subsequent direct object "sexual contact." Continuing, our breakdown of the definition of "sexual contact" produces the following:

"touching"—verb

"of"—preposition

"the anus,"—direct object

"breast,"—direct object

"or"—conjunction

"any part of the genitals"—direct object

"of another person with intent to arouse or gratify the sexual desire of any person"—prepositional phrase

Although the statutory text does not include the preposition "by" as an introduction to the word "touching," it is implied. To conceptualize this, the definition of "sexual contact" in Section 21.01(2) can be plugged into the text of Section 21.11(a)(1), resulting in the following: "(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual contact with the child [by] ['any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.'];...."

Unlike murder, injury to a child, and criminal mischief where the result is the focus, the conduct is the focus of the definition of sexual contact. The definition of sexual contact specifies the nature of the conduct and the required mental state that leads to the result. In defining sexual contact, the Legislature placed limitations on the prohibited conduct by criminalizing only three specific types of acts. A person can engage in sexual contact by touching the anus, by touching the breast, or by touching the genitals with the requisite intent. Each one of these acts represents a different offense. Any alternative mode of commission relates to how the touching was effectuated, not where the touching occurred.

This determination comports with our decision in *Vick v. State,* in which we held that aggravated sexual assault, as defined in Section 22.021(a)(1)(B), Penal Code, is a conduct-oriented offense that proscribes separate and distinct acts of commission.[38] There, we were confronted with the issue of whether the prohibition against double jeopardy precludes multiple prosecutions under Penal Code Section 22.021(a)(1)(B) where the proscribed conduct occurred during the same transaction.[39] Looking at the statutory text of subsections (i)-(iv) in Section 22.021(a)(1)(B), we recognized that (i) and (ii) "concern penetration of the child, one focusing on the genital area, and the other on the mouth[,]" while (iii) and (iv) concern "penetration and contact of another in a sexual fashion, by the sexual organ or anus of the child."[40] We also observed that subsections (i)-(iv) are separated by "the conjunctive 'or' to distinguish and separate different conduct[.]"[41] We then concluded:

---

38. 991 S.W.2d at 832–833.

39. *Id.* at 831.

40. *Id.* at 833.

41. *Id.*

The statute criminalizes many types of sexually assaultive conduct with a child. Yet, each section usually entails different and separate acts to commit the various, prohibited conduct. This specificity reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. An offense is complete when a person commits any one of the proscribed acts.[42]

Based on this determination, we held that "the Legislature, through the language of the statute, has rejected grouping aggravated sexual assaults by 'transaction.' "[43] We therefore concluded that the State's subsequent prosecution of the appellee, Vick, for causing the female sexual organ of the victim to contact appellee's mouth under subsection (a)(1)(B)(iii) following an acquittal for the offense of causing the penetration of the female sexual organ of the victim with appellee's sexual organ under subsection (a)(1)(B)(i) was not barred for double jeopardy purposes when the offenses occurred during the same transaction.[44]

The definition of sexual contact bears some of the hallmarks we found determinative to our conclusion that Section 22.021(a)(1)(B)(i)-(iv) criminalizes different, specific types of conduct in *Vick*.[45] In *Vick*, we observed that subsections (i)-(iv) in Section 22.021(a)(1)(B) each contain varied direct objects following the verb "causes."[46] Sexual contact contains three distinct direct objects—the anus, the breast, and the genitals—following the verb "touching." Additionally, each specific type of contact, like the offenses in Section 22.021(a)(1)(B)(i)-(iv), are separated by the conjunction "or." Thus, the offense of indecency by contact is completed when a person commits any one of the three proscribed acts. As with Section 22.021(a)(1)(B)(i)-(iv), the Legislature has refused to group indecency by contact by transaction.[47] Consequently, if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same transaction, the person is criminally responsible for three separate offenses.

Our recent analysis of the statute defining the offense of injury to a child in Section 22.04(a) of the Penal Code in *Stuhler v. State*[48] also supports our conclusion. In analyzing Section 22.04(a)(1)-(3), we identified the main verb defining the offense as " 'causes' " and the direct objects as " 'serious bodily injury,' 'serious mental deficiency, impairment, or injury' or plain 'bodily injury.' "[49] We noted that the Legislature "defined the offense of injury to a child according to the kind and degree of injury that results" and that the "various results are set out in different subsections of the statute, and the degree of the offense is determined, at least in part, according to which of the results the defendant's act or omission caused."[50] Based on this, we held that subsections (1)-(3) in

42. *Id.*

43. *Id.*

44. *Id.*

45. *See also Haight v. State,* 137 S.W.3d 48, 50–51 (Tex.Crim.App.2004) (relying on *Vick* in holding that the statute defining the offense of official oppression, Section 39.03, Texas Penal Code, is a "conduct-oriented statute that criminalizes several different types of

conduct, each of which, if committed, would cause a different type of harm to a victim.").

46. *Vick,* 991 S.W.2d at 833.

47. *Id.*

48. 218 S.W.3d at 718–19.

49. *Id.* at 718.

50. *Id.* at 718–19.

Section 22.04(a) are "elemental" and require juror unanimity.[51]

The verb "touching" in the definition of sexual contact serves the same function as the verb "causes" in Section 22.04(a) of the injury to a child statute. Each introduces the specific direct objects provided by the Legislature. The direct objects following the verb "causes" in the injury to a child statute focus on the result of a defendant's act or omission. In the definition of sexual contact, in contrast, the direct objects are specific types of prohibited conduct, each of which are essential elements of the offense of indecency with a child by contact as defined in Section 22.11(a)(1).

■ Based on the foregoing, we hold that the Thirteenth Court of Appeals erred in holding that this case is controlled by our decision in *Kitchens*. Our analysis makes clear that the offense of indecency with a child by contact in Section 22.11(a)(1) is a conduct-oriented offense. "Sexual contact," as defined in Section 22.01(B), criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state. Therefore, each act constitutes a different criminal offense and juror unanimity is required as to the commission of any one of these acts. Because the indictment charged Pizzo with touching the breasts and genitals of A.S. in the conjunctive, Pizzo's right to a unanimous verdict was possibly violated by the trial judge's jury instruction charging breasts and genitals in the disjunctive. Like the charge in *Francis*, the instruction

here allowed the jury to convict Pizzo without reaching a unanimous verdict on the same act. It is possible that six jurors convicted Pizzo for touching the breasts of A.S. while six others convicted Pizzo for touching the genitals of A.S.

### Conclusion

The trial judge's jury instruction permitted a conviction on less than a unanimous verdict, and the court of appeals erred in holding otherwise. We therefore reverse the judgment of the court of appeals and remand this case to the court of appeals for a harm analysis.[52]

PRICE, J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ. joined.

PRICE, J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ., joined.

I agree with the majority that indecency with a child is a conduct-oriented offense. But I am less sure that the statutory definition of "sexual contact" in Section 21.01(2) of the Penal Code, as it read prior to amendment in 2001,[1] carves out three different and distinct conduct-oriented offenses. According to the majority's interpretation of the legislative intent, a person commits three different instances of indecency with a child under former Section 21.11(a)(1) of the Penal Code if, during the same incident, he touches the anus, breast, and genitals of another with the requisite specific intent.[2] For purposes of jury una-

---

51. *Id.* at 719.

52. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984).

1. Tex. Penal Code § 21.01(2), before it was amended in 2001, read: " 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person

with intent to arouse or gratify the sexual desire of any person." *See now* Acts 2001, 77th Leg., ch. 739, § 1, p. 1463, eff. September 1, 2001.

2. Tex. Penal Code § 21.11(a)(1) read, prior to amendment in 2001, "A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the

nimity, then, the majority concludes that the jury must unanimously agree that the defendant touched at least one of these three body parts to support a conviction.[3] I ultimately agree, but for reasons somewhat different than those given by the majority.

I would readily agree with the majority if the penal provision read as follows:

> A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is the same or opposite sex, he ... touches the anus, breast, or any part of the genitals of the child with intent to arouse or gratify the sexual desire of any person.

The so-called "gravamen" of this hypothetical offense is obvious; the statute is clearly designed to penalize specifically enumerated conduct, i.e., the touching of certain body parts of a child, with a specific lascivious intent. But this is not the statute we are dissecting today in our endeavor to divine legislative intent. The statute actually before us reads:

> A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he ... engages in sexual contact with the child.

"Sexual contact" is defined, in turn, to mean "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." It is far less clear to me whether this bisected way of articulating the offense of indecency with a child was intended by the Legislature to define three offenses (touching the anus, breast, or genitals of a child, with lascivious intent), or one offense (engaging in sexual contact) that can be committed by any one (or more) of three manner and means (by touching the anus, breast, and/or genitals of a child, with lascivious intent).

It would not suffice simply to say that, because the definition of "sexual contact" in Section 21.01(2) expressly provides for three specific areas of the body the touching of which will constitute an offense, those three bodily areas constitute elements of separate instances of indecency with a child, even if committed during the same incident. It would not suffice because merely by providing for statutory alternatives, the Legislature does not necessarily tell us that separate offenses are intended, as opposed to different manner and means of committing a single offense. I can say this because on many occasions we have held in the context of construing the capital-murder statute that the predicate felony offenses specifically enumerated in Section 19.03(a)(2) of the Penal Code (kidnapping, burglary, robbery, aggravated sexual assault, arson, etc.) do not constitute elements of separate offenses, but are merely manner and means of commit-

---

same or opposite sex, he ... engages in sexual contact with the child[.]" *See now* Acts 2001, 77th Leg., ch. 739, § 2, p. 1463, eff. September 1, 2001.

3. Presumably the majority would also hold, were the issue before us, that for jeopardy purposes an accused could also be convicted and/or punished for more than one instance of indecency with a child under these same circumstances. It should be reasonably clear after our recent opinion in *Villanueva v. State*, 227 S.W.3d 744 (Tex.Crim.App.2007), that

legislative intent vis-a-vis jury unanimity will correlate with legislative intent vis-a-vis double-jeopardy analysis. There we observed that "[w]e doubt that the Legislature could have meant for us to construe the 'act or omission' alternative of Section 22.04(a) of the Penal Code as merely alternative means of committing the same offense for jury-unanimity purposes, but as full-blown separate offenses, authorizing multiple punishments, for purposes of double jeopardy analysis." *Id.* at 747.

ting a single offense.[4] The same could plausibly be said of the three statutory definitions of sexual contact.

So how do we tell? Ostensibly, the majority relies upon the methodology for determining whether statutory alternatives constitute "elements" or "manner and means" that was first articulated by Judge Cochran in her concurring opinion in *Jefferson v. State*,[5] and later adopted by a majority of the Court in *Stuhler v. State*.[6] According to that methodology, whether or not jury unanimity is required is a function of parsing the statutory language:

> In sum, we must return to eighth grade grammar to determine what elements the jury must unanimously find beyond a reasonable doubt. At a minimum, these are: the subject (the defendant); the main verb; and the direct object if the main verb requires a direct object (i.e., the offense is a result-oriented crime) ... Generally, adverbial phrases, introduced by the preposition "by," describe the manner and means of committing the offense. They are not the gravamen of the offense, nor elements on which the jury must be unanimous.[7]

But applying this methodology to the statute before us today would seem to call for the opposite result from that which the majority reaches, namely, that the statutory definitions of sexual contact operate as manner and means of committing the offense of indecency with a child, rather than elements.

The main verb of the statute as written is "engages." Clearly that is an element. It is a transitive verb, meaning that it requires a direct object to complete the meaning of the sentence. Therefore, the direct object, "sexual contact," is also elemental. According to the *Jefferson/Stuhler* methodology, a jury would have to be unanimous with respect to these elements in order to convict. The definition of "sexual contact," however, seems to operate much like an adverbial phrase: a person engages in sexual contact "by" touching the anus, breast, or genitals, with lascivious intent. And indeed, the majority seems to acknowledge as much.[8] But if it is accurate to say that the definition of sexual contact operates like an adverbial phrase, should we not conclude that it identifies statutory manner and means of committing sexual contact, rather than elements of the offense, consistent with the *Jefferson/Stuhler* methodology?

The majority says no. The majority avoids the implication of the definition of sexual contact operating as an adverbial phrase by skipping over the main verb in the statute ("engages") and treating the gerund in the adverbial phrase ("touching") as if it were the main transitive verb in the statute, and then regarding what it takes to be the direct objects of *that* transitive verb (anus, breast, or genitals) as elements of the offense.[9] This analysis appears on the surface to be at odds with the *Jefferson/Stuhler* methodology.[10]

---

4. *E.g., Kitchens v. State*, 823 S.W.2d 256, 257–58 (Tex.Crim.App.1991); *Martinez v. State*, 129 S.W.3d 101, 103 (Tex.Crim.App.2004).

5. 189 S.W.3d 305, at 314–16 (Tex.Crim.App. 2006) (Cochran, J., concurring).

6. 218 S.W.3d 706, at 717–19 (Tex.Crim.App. 2007).

7. *Id.* at 718, quoting *Jefferson v. State, supra*, at 315–16 (Cochran, J., concurring).

8. "Although the statutory text does not include the preposition 'by' as an introduction to the word 'touching,' it is implied." Majority Opinion, at 717.

9. *Id.* (Op. at 719).

10. Though both *Jefferson* and *Stuhler* involved a result-oriented offense, neither the *Jefferson* concurrence nor the *Stuhler* majority that adopted it suggests that the methodology

Nevertheless, I must ultimately agree with the majority's bottom line. As Judge Cochran made clear in her concurring opinion in *Jefferson*, the methodology will not necessary work invariably, in every scenario, to accurately identify legislative intent.[11] This case provides an example. It is not until we look at the statutory definition that we find a specific intent which must accompany the *actus reas* for indecency with a child. The sexual contact must occur with the specific intent "to arouse or gratify the sexual desire of any person." The reason for this is obvious. The Legislature did not intend for every touching of a child's anus, breast, or genitals necessarily to be actionable. I think it beyond cavil that this specific intent is elemental—something we would all agree the jury must unanimously find—though it does not appear in the statutory language that articulates the offense itself, but only in the definition of sexual contact that happens to operate like an adverbial phrase. Because the Legislature placed that plain element in the definition of sexual contact, I can accept the majority's ultimate conclusion that the Legislature also intended that the particular areas of the body that that definition identifies (anus, breast, and genitals) are also elemental, and not mere manner and means of accomplishing sexual contact.

Given that it is apparent that at least a part of the "gravamen" of the offense (the specific intent) appears in the definition, it is appropriate that we should modify our application of the *Jefferson/Stuhler* methodology. It is obvious that "engages in sexual contact" is insufficient to fully delineate the "gravamen" of the offense, and it is necessary to proceed to the definition of sexual contact. Although the word "touching" in the definition is a gerund and works grammatically as a noun, it is acceptable to treat it as a transitive verb, and to regard the direct objects of that transitive verb, in accordance with *Jefferson/Stuhler*, as a description of *what* constitutes the offense, not just *how* the offense may be committed. By this reckoning it is appropriate to conclude, as the majority does, that anus, breast, and genitals constitute elements of indecency with a child under former Section 21.11(a)(1) of the Penal Code, rather than merely manner and means of committing sexual contact.

With that understanding, I join the Court's judgment.

---

should apply only in construing result-oriented offenses. In fact, the *Jefferson* concurrence at least implies that the methodology would apply equally to nature of conduct offenses. *See* 189 S.W.3d at 315–16 ("if the main verb requires a direct object (i.e., the offense is a result-oriented crime)" then the direct object is elemental, suggesting that the methodology applies whether or not the main verb is transitive, requiring a direct object to complete the meaning). Nor does the majority today suggest that the *Jefferson/Stuhler* methodology does not apply simply because the statute

before us today is a nature-of-conduct type of offense.

11. 189 S.W.3d at 315 ("The use of the prepositional word 'by' in either a statute or an indictment is a tip-off that probably (eighth grade teachers are rarely dogmatic and always leave the door open for idiosyncracies) the phrase will be a description of how [i.e., manner and means, not elemental] the offense was committed.").