

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1561-07

**CARLOS LANDRIAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**PRICE, J., filed a concurring opinion in which MEYERS, J., joined.**

### CONCURRING OPINION

I agree that there is no jury unanimity problem in this case. The jury's affirmative

answer to the special "deadly weapon" issue guaranteed that all of the jurors *at least* found

the appellant guilty of aggravated assault under the theory that he caused bodily injury and

used or exhibited a deadly weapon in the process. Under these circumstances, it does not

matter that the jury might not *also* have unanimously found that the appellant was guilty

under the other, "serious bodily injury" theory of aggravated assault. On the peculiar facts of this case, we can be certain that the jury unanimously found him guilty of at least one of the two ways of committing aggravated assault for which they were disjunctively authorized to find him guilty.

The majority goes on to hold that the jury need not have unanimously found that the appellant was guilty under at least one of these disjunctively-charged theories of aggravated assault, as long as it unanimously found he was guilty under one or the other. I am far from sanguine about this conclusion, for the reasons that follow. In any event, because I find it unnecessary to reach the issue on the facts of this case, I concur in the Court's decision to reverse the judgment of the court of appeals, but do not join its opinion.

In *Stuhler v. State*,[1] a majority of the Court endorsed the so-called "eighth-grade grammar test" as a rule of thumb for deciding which alternative theories of an offense constitute separate elements, upon which jurors must agree unanimously, and which are simply alternative manner and means for satisfying an element of the offense, upon which jurors need not agree.[2] As I think is illustrated by the Court's subsequent opinion in *Pizzo v. State*, this rule of thumb is not fool-proof.[3] In the instant case, the Court utilizes the

---

[1] 218 S.W.3d 706 (Tex. Crim. App. 2007).

[2] *Id.*, at 718, adopting Judge Cochran's concurring position in *Jefferson v. State*, 189 S.W.3d 305, 315-16 (Tex. Crim. App. 2006).

[3] 235 S.W.3d 711, 719-722 (Price, J., concurring).

eighth-grade grammar test to decide that the alternative ways of elevating a simple assault to an aggravated assault are simply manner and means of committing aggravated assault, not discrete elements. The Court comes to this conclusion by identifying "bodily injury" as the gravamen of the offense of *aggravated* assault. The alternative ways that simple assault can be elevated to aggravated assault simply constitute manner and means by which the gravamen of bodily injury can be perpetrated such that a greater range of punishment may be imposed. I am *dubitante*.

It seems likely to me that the Court is mistaken to conclude that simple bodily injury constitutes the entire gravamen of the offense of *aggravated* assault. Simple assault and aggravated assault are separate offenses. The Legislature has chosen to enact them in two separately numbered penal provisions.[4] Aggravated assault is defined as a simple assault,

---

[4]
   TEX. PENAL CODE §22.01(a) defines simple assault:

> (a)  A person commits an offense if the person:
>
>> (1)   intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>>
>> (2)    intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>>
>> (3)  intentionally or knowingly causes physical contact with another person when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Aggravated assault is defined in TEX. PENAL CODE § 22.02(a), which reads:

> (a)  A person commits an offense if the person commits assault as defined in § 22.01 and the person:

*plus* the addition of one of two statutorily defined aggravating factors. While it is clear that the gravamen of *simple* assault (at least simple assault as defined in Section 22.01(a)(1) of the Penal Code) is causing bodily injury, one would think that the gravamen of *aggravated* assault must be, in legislative contemplation, causing bodily injury—*plus something more*. After all, what separates one discrete statutorily defined offense from another is that one must have at least one distinct *element* that the other does not.

Section 22.02(a) embodies two alternative aggravating factors. The first is that the defendant must cause, not just bodily injury, but *serious* bodily injury. This is a result-of-conduct type factor. The second aggravating factor is the use or exhibition of a deadly weapon. This is a nature-of-conduct type factor. It seems quite plausible to me to argue that the aggravated assault statute thus embodies two very distinct gravamens, and that bodily injury constitutes a subset-gravamen of each. The first aggravated assault gravamen is that the defendant caused *serious* bodily injury. The second is that the defendant caused bodily injury and *brandished a deadly weapon* in the process. Are these not elemental? Are they not, in fact, the very additional elements that distinguish aggravated assault from simple assault? If they are not, then what statutory element *does* distinguish the offense of simple assault from the separate offense of aggravated assault?

---

(1)  causes serious bodily injury to another, including the person's spouse; or

(2)  uses or exhibits a deadly weapon during the commission of the assault.

The Court seems to acknowledge that the various ways of committing *simple* assault, embodied in Subsections 22.01(a)(1) through (a)(3) of the Penal Code, constitute distinct alternative statutory *elements* for the commission of *that* offense, not alternative manner and means. As the Court notes, there are the "bodily injury" and "physical contact" theories of simple assault, which are result-of-conduct theories of the offense, and then there is the "threat-of-imminent-bodily injury" theory, which is a nature-of-conduct theory of the offense. If I am not mistaken, I think the Court means to suggest that it regards these three theories to constitute separate, alternative *elements* of the offense of simple assault. They do not merely describe *how* the offense may be committed, but instead define what conduct constitutes the commission of the offense.[5] Why, then, does the Court not similarly conclude that "serious bodily injury," a result-of-conduct theory, and "use or exhibition of a deadly weapon" while causing bodily injury, a nature-of-conduct theory, also constitute separate alternative *elements* of aggravated assault?

In short, it seems doubtful that the gravamen of *aggravated* assault is *just* bodily injury. I am not at all sure that in order to set aggravated assault apart from simple assault, as the Legislature has done by defining the two offenses in different statutory provisions, we should not conclude that the gravamen of aggravated assault is either *serious* bodily injury,

---

[5] *See Jefferson v. State, supra*, at 315 (Cochran, J., concurring) ("the specifics of how the defendant [caused a particular result] are not the gravamen of the offense and not the statutorily prohibited conduct.").

or else bodily injury *plus the use or exhibition of a deadly weapon*.  Applying the eighth-grade grammar test to determine the elements of the offense as thus understood, we would presumably find the elements to be, at a minimum: the subject (the defendant); the main verbs ("causes" and/or "uses or exhibits"); and the direct objects ("bodily injury," "serious bodily injury," and/or "a deadly weapon").  By this reckoning, all of these statutory alternatives are *elements* of the offense of aggravated assault, not mere manner and means.  Therefore, if they are pled alternatively in the indictment, the jury must be instructed that it must unanimously find one or the other (or both) before it may convict.

But I need not ultimately resolve this question today in order to agree that there is no jury unanimity problem in this particular case.  It is clear here that all twelve jurors found that the appellant caused bodily injury and used or exhibited a deadly weapon in the process.  I therefore concur.


Filed:  October 8, 2008
Publish