IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1561-07







CARLOS LANDRIAN, Appellant


v.


THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FIRST COURT OF APPEALS

HARRIS COUNTY




 Price, J., filed a concurring opinion in which Meyers, J., joined.


CONCURRING OPINION


 I agree that there is no jury unanimity problem in this case. The jury's affirmative
answer to the special "deadly weapon" issue guaranteed that all of the jurors at least found
the appellant guilty of aggravated assault under the theory that he caused bodily injury and
used or exhibited a deadly weapon in the process. Under these circumstances, it does not
matter that the jury might not also have unanimously found that the appellant was guilty
under the other, "serious bodily injury" theory of aggravated assault. On the peculiar facts
of this case, we can be certain that the jury unanimously found him guilty of at least one of
the two ways of committing aggravated assault for which they were disjunctively authorized
to find him guilty.

 The majority goes on to hold that the jury need not have unanimously found that the
appellant was guilty under at least one of these disjunctively-charged theories of aggravated
assault, as long as it unanimously found he was guilty under one or the other. I am far from
sanguine about this conclusion, for the reasons that follow. In any event, because I find it
unnecessary to reach the issue on the facts of this case, I concur in the Court's decision to
reverse the judgment of the court of appeals, but do not join its opinion.

 In Stuhler v. State, (1) a majority of the Court endorsed the so-called "eighth-grade
grammar test" as a rule of thumb for deciding which alternative theories of an offense
constitute separate elements, upon which jurors must agree unanimously, and which are
simply alternative manner and means for satisfying an element of the offense, upon which
jurors need not agree. (2) As I think is illustrated by the Court's subsequent opinion in Pizzo
v. State, this rule of thumb is not fool-proof. (3) In the instant case, the Court utilizes the
eighth-grade grammar test to decide that the alternative ways of elevating a simple assault
to an aggravated assault are simply manner and means of committing aggravated assault, not
discrete elements. The Court comes to this conclusion by identifying "bodily injury" as the
gravamen of the offense of aggravated assault. The alternative ways that simple assault can
be elevated to aggravated assault simply constitute manner and means by which the
gravamen of bodily injury can be perpetrated such that a greater range of punishment may
be imposed. I am dubitante.

 It seems likely to me that the Court is mistaken to conclude that simple bodily injury
constitutes the entire gravamen of the offense of aggravated assault. Simple assault and
aggravated assault are separate offenses. The Legislature has chosen to enact them in two
separately numbered penal provisions. (4) Aggravated assault is defined as a simple assault,
plus the addition of one of two statutorily defined aggravating factors. While it is clear that
the gravamen of simple assault (at least simple assault as defined in Section 22.01(a)(1) of
the Penal Code) is causing bodily injury, one would think that the gravamen of aggravated
assault must be, in legislative contemplation, causing bodily injury--plus something more. 
After all, what separates one discrete statutorily defined offense from another is that one
must have at least one distinct element that the other does not.

 Section 22.02(a) embodies two alternative aggravating factors. The first is that the
defendant must cause, not just bodily injury, but serious bodily injury. This is a result-of-conduct type factor. The second aggravating factor is the use or exhibition of a deadly
weapon. This is a nature-of-conduct type factor. It seems quite plausible to me to argue that
the aggravated assault statute thus embodies two very distinct gravamens, and that bodily
injury constitutes a subset-gravamen of each. The first aggravated assault gravamen is that
the defendant caused serious bodily injury. The second is that the defendant caused bodily
injury and brandished a deadly weapon in the process. Are these not elemental? Are they
not, in fact, the very additional elements that distinguish aggravated assault from simple
assault? If they are not, then what statutory element does distinguish the offense of simple
assault from the separate offense of aggravated assault?

 The Court seems to acknowledge that the various ways of committing simple assault,
embodied in Subsections 22.01(a)(1) through (a)(3) of the Penal Code, constitute distinct
alternative statutory elements for the commission of that offense, not alternative manner and
means. As the Court notes, there are the "bodily injury" and "physical contact" theories of
simple assault, which are result-of-conduct theories of the offense, and then there is the
"threat-of-imminent-bodily injury" theory, which is a nature-of-conduct theory of the
offense. If I am not mistaken, I think the Court means to suggest that it regards these three
theories to constitute separate, alternative elements of the offense of simple assault. They do
not merely describe how the offense may be committed, but instead define what conduct
constitutes the commission of the offense. (5) Why, then, does the Court not similarly conclude
that "serious bodily injury," a result-of-conduct theory, and "use or exhibition of a deadly
weapon" while causing bodily injury, a nature-of-conduct theory, also constitute separate
alternative elements of aggravated assault?

 In short, it seems doubtful that the gravamen of aggravated assault is just bodily
injury. I am not at all sure that in order to set aggravated assault apart from simple assault,
as the Legislature has done by defining the two offenses in different statutory provisions, we
should not conclude that the gravamen of aggravated assault is either serious bodily injury,
or else bodily injury plus the use or exhibition of a deadly weapon. Applying the eighth-grade grammar test to determine the elements of the offense as thus understood, we would
presumably find the elements to be, at a minimum: the subject (the defendant); the main
verbs ("causes" and/or "uses or exhibits"); and the direct objects ("bodily injury," "serious
bodily injury," and/or "a deadly weapon"). By this reckoning, all of these statutory
alternatives are elements of the offense of aggravated assault, not mere manner and means. 
Therefore, if they are pled alternatively in the indictment, the jury must be instructed that it
must unanimously find one or the other (or both) before it may convict.

 But I need not ultimately resolve this question today in order to agree that there is no
jury unanimity problem in this particular case. It is clear here that all twelve jurors found that
the appellant caused bodily injury and used or exhibited a deadly weapon in the process. I
therefore concur.


Filed: October 8, 2008

Publish
1. 218 S.W.3d 706 (Tex. Crim. App. 2007).
2. Id., at 718, adopting Judge Cochran's concurring position in Jefferson v. State, 189 S.W.3d
305, 315-16 (Tex. Crim. App. 2006).
3. 235 S.W.3d 711, 719-722 (Price, J., concurring).
4. Tex. Penal Code §22.01(a) defines simple assault:


 (a) A person commits an offense if the person:


 (1) intentionally, knowingly, or recklessly causes bodily
injury to another, including the person's spouse;


 (2) intentionally or knowingly threatens another with
imminent bodily injury, including the person's spouse; or


 (3) intentionally or knowingly causes physical contact with
another person when the person knows or should reasonably believe
that the other will regard the contact as offensive or provocative.


Aggravated assault is defined in Tex. Penal Code § 22.02(a), which reads:


 (a) A person commits an offense if the person commits assault as defined in
§ 22.01 and the person:


 (1) causes serious bodily injury to another, including the
person's spouse; or

 

 (2) uses or exhibits a deadly weapon during the commission
of the assault. 
5. See Jefferson v. State, supra, at 315 (Cochran, J., concurring) ("the specifics of how the
defendant [caused a particular result] are not the gravamen of the offense and not the statutorily
prohibited conduct.").