

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-368-CR**

RAY C. GILBERT                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                     STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ray C. Gilbert appeals his conviction for unlawful possession of a firearm, claiming in a single point that he was egregiously harmed by the the jury charge's combining the indictment's allegations in the disjunctive. We affirm.

------

[1] *See* Tex. R. App. P. 47.4.

On May 13, 2006, less than five years after appellant had been convicted of burglary and sentenced to one year's confinement in state jail, appellant discharged a firearm in the parking lot of a Fort Worth bar in front of an off-duty police officer. The indictment charged appellant with the offense of unlawful possession of a firearm[2] in two paragraphs. In one paragraph, the indictment alleged that appellant possessed a firearm within five years of his release from confinement, community supervision, parole, or mandatory supervision for his August 2001 felony burglary conviction.[3] In a second paragraph, designated "COUNT TWO," the indictment alleged that after his burglary conviction, he possessed a firearm away from the premises where he lived.[4]

The trial court combined the indictment's two paragraphs in the application paragraph of the court's charge as follows:

> Now, therefore, if you find and believe from the evidence beyond a reasonable doubt, that the Defendant . . . on or about the 13th day of May, 2006, did intentionally or knowingly possess a firearm and prior to said possession the Defendant was convicted of the felony offense of burglary . . . and said possession was within five years of the release of the Defendant from confinement, community supervision, parole, or mandatory supervision, after the Defendant was convicted for the above felony, as charged in Count One of the Indictment; *or* if you find and believe from the evidence

---

[2] *See* Tex. Penal Code Ann. § 46.04(a) (Vernon Supp. 2008).

[3] *See id.* § 46.04(a)(1).

[4] *See id.* § 46.04(a)(2).

> beyond a reasonable doubt, that the Defendant . . . on or about the 13th day of May 2006, did intentionally or knowingly possess a firearm away from the premises where the Defendant lived and prior to said possession the Defendant was convicted of the felony offense of burglary . . . as charged in Count Two of the Indictment, then you will find the Defendant guilty of unlawful possession of a firearm by a felon.  [Emphasis added.]

The charge, to which neither side objected, was submitted with a single general verdict form.

The jury found appellant guilty, and after hearing evidence relevant to punishment, assessed appellant seven years' confinement and a $10,000 fine. The trial court sentenced appellant accordingly.

In a single point on appeal, appellant claims that the trial court's charge erroneously combined two statutory offenses in the disjunctive without a specific instruction requiring the jurors to unanimously decide which of two offenses appellant committed.[5]

Verdicts in felony criminal cases must be unanimous.[6]  The unanimity requirement is met when the jury unanimously agrees on the offense the

---

[5] Appellant acknowledges that the charge instructed the jury that "your verdict must be by a unanimous vote of all members of the jury" but asserts that this instruction was "boilerplate" and insufficient.

[6] Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2008); *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App.), *cert. denied*, 549 U.S. 957 (2006).

3

defendant committed.[7] The jury is not required to agree on the specific manner or means the defendant used to commit an offense.[8]

Section 46.04 of the Texas Penal Code provides:

(a)    A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.[9]

A plain reading of section 46.04(a) makes clear that it is an offense for a person with a felony conviction to possess a firearm in two separate instances: 1) if the possession is during the five-year period beginning with a defendant's release from confinement or post-confinement supervision imposed as a result of a felony conviction, the defendant is prohibited from possessing a firearm

---

[7] *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

[8] *Pizzo*, 235 S.W.3d at 714; *Jefferson*, 189 S.W.3d at 311–12; *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004).

[9] Tex. Penal Code Ann. § 46.04(a).

4

anywhere,[10] or 2) after this five-year period has elapsed, the defendant may not possess a firearm anywhere except his home.[11]

In this case, the trial court's charge allowed the jury to find that appellant committed the offense of unlawfully possessing a firearm within the five-year period following his release from confinement after his felony burglary conviction, or five years after his felony conviction at a location that was not his home. In either instance, we hold there was no error because the charge authorized a conviction only if the jury believed beyond a reasonable doubt that appellant committed the offense of unlawfully possessing a firearm after being convicted of a felony. We overrule appellant's sole point and affirm the judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 7, 2009

---

[10] *See id.* § 46.04(a)(1).

[11] *See id.* § 46.04(a)(2).