COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-368-CR

 

 

RAY C. GILBERT                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Ray C. Gilbert appeals his conviction
for unlawful possession of a firearm, claiming in a single point that he was
egregiously harmed by the the jury charge=s
combining the indictment=s allegations in the
disjunctive.  We affirm.








On May 13, 2006, less than five years after
appellant had been convicted of burglary and sentenced to one year=s
confinement in state jail, appellant discharged a firearm in the parking lot of
a Fort Worth bar in front of an off-duty police officer.  The indictment charged appellant with the
offense of unlawful possession of a firearm[2]
in two paragraphs.  In one paragraph, the
indictment alleged that appellant possessed a firearm within five years of his
release from confinement, community supervision, parole, or mandatory
supervision for his August 2001 felony burglary conviction.[3]  In a second paragraph, designated ACOUNT
TWO,@ the
indictment alleged that after his burglary conviction, he possessed a firearm
away from the premises where he lived.[4]

The trial court combined the indictment=s two
paragraphs in the application paragraph of the court=s charge
as follows:








Now, therefore, if you find and believe from the evidence beyond a
reasonable doubt, that the Defendant . . . on or about the  13th day of May, 2006, did intentionally or
knowingly possess a firearm and prior to said possession the Defendant was
convicted of the felony offense of burglary . . . and said possession was
within five years of the release of the Defendant from confinement, community
supervision, parole, or mandatory supervision, after the Defendant was
convicted for the above felony, as charged in Count One of the Indictment; or
if you find and believe from the evidence beyond a reasonable doubt, that the
Defendant . . . on or about the 13th day of May 2006, did intentionally or
knowingly possess a firearm away from the premises where the Defendant lived
and prior to said possession the Defendant was convicted of the felony offense
of burglary . . . as charged in Count Two of the Indictment, then you will find
the Defendant guilty of unlawful possession of a firearm by a felon.  [Emphasis added.]

 

The charge, to which neither side objected, was submitted with a
single general verdict form.

The jury found appellant guilty, and after
hearing evidence relevant to punishment, assessed appellant seven years=
confinement and a $10,000 fine.  The
trial court sentenced appellant accordingly.

In a single point on appeal, appellant claims
that the trial court=s charge erroneously combined
two statutory offenses in the disjunctive without a specific instruction
requiring the jurors to unanimously decide which of two offenses appellant
committed.[5]








Verdicts in felony criminal cases must be
unanimous.[6]  The unanimity requirement is met when the
jury unanimously agrees on the offense the defendant committed.[7]  The jury is not required to agree on the
specific manner or means the defendant used to commit an offense.[8]


Section 46.04 of the Texas Penal Code provides:

(a)   A person who has been convicted of a felony
commits an offense if he possesses a firearm:

 

(1) after conviction and
before the fifth anniversary of the person=s release from confinement following conviction
of the felony or the person=s release from supervision under community
supervision, parole, or mandatory supervision, whichever date is later; or

 

(2) after the period
described by Subdivision (1), at any location other than the premises at which
the person lives.[9]


 








A plain reading of section 46.04(a) makes clear that it is an offense
for a person with a felony conviction to possess a firearm in two separate
instances:  1) if the possession is
during the five-year period beginning with a defendant=s
release from confinement or post-confinement supervision imposed as a result of
a felony conviction, the defendant is prohibited from possessing a firearm
anywhere,[10]
or 2) after this five-year period has elapsed, the defendant may not possess a
firearm anywhere except his home.[11]

In this case, the trial court=s charge
allowed the jury to find that appellant committed the offense of unlawfully
possessing a firearm within the five-year period following his release from
confinement after his felony burglary conviction, or five years after his
felony conviction at a location that was not his home.  In either instance, we hold there was no
error because the charge authorized a conviction only if the jury believed
beyond a reasonable doubt that appellant committed the offense of unlawfully
possessing a firearm after being convicted of a felony.  We overrule appellant=s sole
point and affirm the judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 7, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 46.04(a) (Vernon Supp.
2008).





[3]See id. ' 46.04(a)(1).





[4]See id. ' 46.04(a)(2).





[5]Appellant acknowledges
that the charge instructed the jury that Ayour verdict must be by a unanimous vote of all
members of the jury@ but asserts that this
instruction was Aboilerplate@ and insufficient.





[6]Tex. Code Crim. Proc.
Ann. art. 36.29(a) (Vernon Supp. 2008); Pizzo v. State, 235 S.W.3d 711,
714 (Tex. Crim. App. 2007); Jefferson v. State, 189 S.W.3d 305, 311
(Tex. Crim. App.), cert. denied, 549 U.S. 957 (2006).





[7]Ngo v. State, 175 S.W.3d 738, 745
(Tex. Crim. App. 2005).





[8]Pizzo, 235 S.W.3d at 714;
Jefferson, 189 S.W.3d at 311B12; Martinez v. State, 129 S.W.3d 101, 103
(Tex. Crim. App. 2004).





[9]Tex. Penal Code Ann. ' 46.04(a).





[10]See id. ' 46.04(a)(1).





[11]See id. ' 46.04(a)(2).