*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

**MEMORANDUM OPINION**

No. 04-08-00195-CR

Hector **PALACIOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CRS-000360-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   May 13, 3009

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

A jury found defendant, Hector Palacios, guilty of two counts of indecency with a child and

assessed punishment at life in prison for each count and a $10,000 fine for each count.  On appeal,

defendant contends the evidence is legally and factually insufficient to support the verdict on the

second count of indecency with a child.[1]  We agree and, therefore, affirm in part and reverse and

render an acquittal in part.

---

[1]  Defendant does not challenge the jury's verdict on count one of the indictment.

**DISCUSSION**

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable doubt. *Jackson v. Virginia,* 99 S.Ct. 2781, 2789 (1979). Sufficiency of the evidence is measured by the elements of the offense, as defined by the hypothetically-correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). A hypothetically-correct jury charge "would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* at 240.

A person commits the offense of indecency with a child if, "with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or (B) causes the child to expose the child's anus or any part of the child's genitals." TEX. PENAL CODE ANN. § 21.11(a) (Vernon 2003). "'Sexual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of

a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." *Id.* § 21.11(c); *see also Pizzo v. State*, 235 S.W.3d 711, 717-19 (Tex. Crim. App. 2007) ("sexual contact" as defined in section 21.11(c) criminalizes separate types of conduct). In this case, the indictment, which tracked the Penal Code, alleged indecency with a child in two counts, both identical except for the allegation that the offenses occurred on two different dates. The jury charge, for both counts, tracked the indictment by instructing the jury to find defendant guilty of indecency with a child if the jury concluded that defendant committed the offenses by "causing . . . 'Vicky'[2] to touch the genitals of the defendant." The jury charge did not instruct the jury it could find defendant guilty if it concluded he touched "through clothing, . . . the anus, breast, or any part of the genitals of ["Vicky"]." Therefore, we must measure the sufficiency of the evidence against a hypothetically-correct jury charge that alleged defendant, on two different occasions, "engage[d] in sexual contact with ["Vicky"]" by "any touching of any part of ["Vicky's"] body . . . , including touching through clothing, with . . . any part of the genitals of [defendant]." *See id.* § 21.11(a)(1), (c)(2). On appeal, defendant asserts the evidence is legally and factually insufficient to show that any part of Vicky's body touched his genitals on two separate occasions.

Vicky, who was twelve at the time of trial, testified she lived with her mother and defendant, who was her mother's boyfriend, when she was ten or eleven years old. Vicky said defendant put her on his lap and moved her up and down, and she felt his hard penis on her "butt." She said she

---

[2] "Vicky" is the pseudonym used by the parties at trial and will be used in this opinion to refer to the minor child complainant.

may have sat on his lap for about thirty seconds. Dr. Gregorio Pena, a licensed psychologist and a licensed sex offender treatment provider, testified he spoke with Vicky during three sessions. During her first and second sessions, Vicky told Dr. Pena the defendant sat her on his lap, opened her legs, and touched her on or near her vagina. During either the second or third session, Vicky told Dr. Pena about defendant putting her on his lap and rubbing her against himself.

It is apparent from our review of the entire record that "sexual contact" between Vicky and defendant may have occurred on two different occasions. One occasion involved defendant allegedly touching Vicky on or near her vagina. On a separate occasion, defendant placed Vicky on his lap and rubbed his hard penis against her. However, the State did not allege in the indictment and the jury was not instructed to find that defendant committed either of the alleged offenses by touching any part of Vicky's genitals. Instead, the State only alleged in the indictment and the jury was charged only on the offense of defendant touching any part of Vicky's body, through clothing, with defendant's genitals. *See* TEX. PENAL CODE ANN. § 21.11(c)(2). Because the evidence shows that the manner of sexual contact for which defendant was indicted and on which the jury was instructed occurred on only one occasion, we must conclude the evidence is legally insufficient to support two counts of indecency with a child.

## CONCLUSION

We sustain defendant's complaint on appeal that the evidence is legally insufficient to support the jury's verdict on count two of the indictment.[3] We therefore affirm the judgment on

---

[3] Therefore, we need not address defendant's challenge to the factual sufficiency of the evidence. *See* TEX. R. APP. P. 47.1.

count one, indecency with a child, but reverse and render a judgment of acquittal on count two, indecency with a child.

Sandee Bryan Marion, Justice

DO NOT PUBLISH