

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00372-CR

---

BAOQUOC TRAN NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1546160, Honorable John Weeks, Presiding

---

April 15, 2020

## CONCURRING OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

I concur in the result for the reasons stated in Chief Justice Quinn's concurring opinion, and for the further reason stated below.

In *Scott v. State*, 322 S.W.3d 662, 669 (Tex. Crim. App. 2010), *abrogated in part on other grounds by Wilson v. State,* 448 S.W.3d 418, 422 (Tex. Crim. App. 2014), the Court of Criminal Appeals held that the plain language of TEX. PENAL CODE § 42.07(a)(4) "does not implicate the free-speech guarantee of the First Amendment" because it

prohibits *conduct*.  As an example, the statute prohibits a person, with the requisite intent to harass, annoy, alarm, abuse, torment, or embarrass another, from causing the telephone of another to ring repeatedly.  *Id.*  This prohibition is separate and distinct from the remainder of section 42.07(a)(4), including the expressive activity that appellant complains is protected by the First Amendment.

The evidence shows the appellant encouraged others to engage in call flooding: he provided telephone numbers so "people from all over the world can immediately start calling in and flood the phone lines disrupting utilities, disrupting the police, disrupting anybody that they have thus targeted with that phone number."  The jury could therefore reasonably conclude from the evidence that appellant caused the telephone number of another to ring repeatedly, and that he did so with the intent to intent to harass, annoy, alarm, abuse, torment, or embarrass another.  *Pizzo v. State*, 235 S.W.3d 711, 715 (Tex. Crim. App. 2007) (holding that jury may find alternate forms of commission of an offense when the charging offense lists them in the disjunctive).  As appellant fails to show how this non-expressive conduct affects a protected right to speak freely or petition the government, I would affirm the conviction because a discussion of constitutional issues is not necessary to disposition of the appeal.

Lawrence M. Doss
Justice

Do not publish.