Affirmed and Memorandum Opinion
filed May 6, 2010 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00283-CR



Jerry Hannah, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 1108620



 

MEMORANDUM  OPINION 

            Appellant,
Jerry Hannah, was convicted by a jury for failure to comply with a civil
commitment order.  See Tex. Health & Safety Code Ann. § 841.085(a)
(Vernon 2003).  The trial court sentenced appellant to thirty years’ confinement
in the Institutional Division of the Texas Department of Criminal Justice.  In
two issues, appellant asserts: (1) the trial court’s allegedly erroneous jury
charge resulted in his conviction by less than a unanimous verdict; and (2)
comments by the trial court to the jury panel during voir dire constituted a
fundamental error thereby harming appellant’s presumption of innocence.  We
affirm.

 

Factual & Procedural Background

            In 1999,
the Texas Legislature enacted the Civil Commitment of Sexually Violent Predators
Act, which was codified as Chapter 841 of the Texas Health & Safety Code.[1]
 The Act provides for the involuntary civil commitment, by means of outpatient
treatment and supervision, of a repeat sexual offender who is found to be a
sexually violent predator (“SVP”).  Tex. Health & Safety Code Ann. §
841.081 (Vernon 2003).  An SVP is a person who “(1) is a repeat sexually
violent offender; and (2) suffers from a behavior abnormality that makes the
person likely to engage in a predatory act of sexual violence.”  Id. §
841.003(a) (Vernon 2003).  A repeat sexually violent offender is one who has
been convicted of more than one sexually violent offense, and a sentence is
imposed for at least one of those offenses.  Id. § 841.003(b).  The 284th
District Court of Montgomery County adjudicated appellant an SVP and subjugated
him to a civil commitment program.  The background and history of Chapter 841
have previously been discussed in length, and we need not further describe the
procedures involved.  See In re Commitment of Fisher, 164 S.W.3d 637,
639–41 (Tex. 2005); In re Commitment of Browning, 113 S.W.3d 851, 855–57
(Tex.App.—Austin 2003, pet. denied).

            Appellant,
an SVP, was convicted of violating a requirement of his civil commitment
order.  Evidence produced at trial established appellant:  (1) had missed two
required meetings;  (2) had been late to two required meetings;  (3) lied to
his peer group and treatment provider;  (4) stalked members of the treatment
facility staff;  (5) secretly applied for social security disability payments; 
and (6) continued to deny his predicate offense.  The indictment alleged
appellant actively failed to participate as instructed in the civil commitment
outpatient program.   

Discussion

I.                  
Was there error in the jury charge?

In
appellant’s first issue, he asserts the trial court’s jury charge deprived him of
a unanimous jury verdict as required by the Texas Constitution and the United
States Constitution.  The crux of appellant’s argument is the trial court’s
charge allowed the jury to return a general verdict of guilt without unanimity
on which single provision of Section 841.082 appellant violated by including
the statute in its entirety in the charge.  The indictment alleged appellant
violated Texas Health & Safety Code Section 841.085.  Section 841.085
reads: “a person commits an offense if the person violates a requirement
imposed under Section 841.082.”  Id.  § 841.085(a).  To support his
argument, appellant asserts each enumerated requirement under Section
841.082(a) is an individual third degree felony; thus, requiring juror
unanimity for each violation to uphold his conviction.  Appellant specifically argues
the requirements set out in Section 841.082(a) are separate offenses and not
manner and means of committing the same offense.  The jury charge provided: “if
you find the evidence beyond a reasonable doubt that Defendant did unlawfully,
and knowingly violate the requirements of Section 841.082(a), failing to
participate in the civil commitment outpatient program, then you will find the
Defendant guilty.”  The charge included the language of Texas Health &
Safety Code Section 841.082(a) in its entirety.  Section 841.082(a) provides:

(a) 
Before
entering an order directing a person’s outpatient civil commitment, the judge
shall impose on the person requirements necessary to ensure the person’s
compliance with treatment and supervision and to protect the community.  The
requirements shall include:

 

(1) 
requiring
the person to reside in a Texas residential facility under contract with the
council or at another location or facility approved by the council;

 

(2) 
prohibiting
the person’s contact with a victim or potential victim of the person;

 

(3) 
prohibiting
the person’s possession or use of alcohol, inhalants, or a controlled
substance;

 

(4) 
requiring
the person’s participation in and compliance with a specific course of
treatment;

 

(5) 
requiring
the person to:

 

(A) 
submit
to tracking under a particular type of tracking service and to any other
appropriate supervision; and

 

(B)  
refrain
from tampering with, altering, modifying, obstructing, or manipulating the
tracking equipment;

 

(6) 
prohibiting
the person from changing the person’s residence without prior authorization
from the judge and from leaving the state without that prior authorization;

 

(7) 
if
determined appropriate by the judge, establishing a child safety zone in the
similar manner as a child safety zone is established by a judge under Section
13B, Article 42.12, Code of Criminal Procedure, and requiring the person to
comply with requirements related to the safety zone;

 

(8) 
requiring
the person to notify the case manager immediately but in any event within 24
hours of any change in the person’s status that affects proper treatment and
supervision, including a change in the person’s physical health or job status and
including any incarceration of the person; and

 

(9) 
any
other requirements determined necessary by the judge.

 

Id.
§ 841.082(a) (Vernon 2003).

            A.        Standard
of Review

            When
reviewing charge errors, we first determine whether there was error in the
charge.  Barrios v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). 
If there was error and appellant objected to the error at trial, reversal is
required if the error “is calculated to injure the rights of the defendant,”
which has been defined to mean that there is “some harm.”  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  If the error was not objected to,
as in this case, the error must be “fundamental” and requires reversal only if
the error was so egregious and created such harm that the defendant “has not
had a fair and impartial trial.”  Id.      

            B.        Analysis


The
Texas Constitution requires jury unanimity for felony convictions.  Ngo v.
State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); Tex. Const. art. V, §
13.[2]  Unanimity
ensures that all jurors reach a consensus on the same act for a conviction.  Pizzo
v. State, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007).  To discern what a
jury must be unanimous about, appellate courts examine the statute defining the
offense to determine whether the Legislature created multiple, separate
offenses, or a single offense with different methods or means of commission.  Id. 
The unanimity requirement is not violated when the jury has the option of
choosing between alternative modes of commission.  Id. at 715. 
Therefore, it is necessary to identify the essential elements or gravamen of an
offense and the alternate modes of commission, if any.  Id. at 714. 
Accordingly, the first step in a unanimity challenge is to examine the language
of the statute to determine whether the Legislature intended to create
multiple, separate offenses, or a single offense capable of being committed in
several different ways.  Jefferson v. State, 189 S.W.3d 305, 311 (Tex.
Crim. App. 2006).

It
is common form for the Legislature to define an offense with the preparatory
phrase “a person commits an offense if . . . .”  Gandy v. State, 222
S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).  Thereafter,
criminal statutes typically set forth various manner and means of committing an
offense.  Id.  See, e.g., Tex. Penal Code Ann. § 19.02(b) (Vernon
2003) (listing multiple manner and means of committing murder after preparatory
phrase “a person commits an offense if”).  Although the conduct may be
distinctly different, the methods of committing the offense are different
manner and means of committing the same offense, not distinct and separate
offenses.  Grandy, 222 S.W.3d at 529.  In the statute at bar, it is a
violation of a civil commitment order if the person violates a civil
commitment requirement imposed under Section 841.082.  Thus, the requirements
listed in Section 841.082 are merely different methods or means of commission
by which one might violate one’s civil commitment order.  Consequently, rendering
these requirements means of commission or nonessential unanimity elements.  See
Pizzo, 235 S.W.3d at 715; see also Adams v. State, 222 S.W.3d 37, 50
(Tex.App.—Austin 2005, pet. ref’d) (upholding a legal and factual sufficiency
challenge by finding violation of one requirement under this statute).  Thus,
because the requirements listed in Section 841.082 are manners or means of
committing one offense, we hold including the statute in its entirety in the
jury charge did not violate appellant’s right to a unanimous verdict.[3]  Accordingly,
the trial court’s charge was not in error.  Appellant’s first issue is
overruled. 

II.              
Did the trial court’s comments harm appellant’s
presumption of innocence?

In
his second issue, appellant contends the following comment by the trial court during
voir dire violated appellant’s presumption of innocence[4]:

[The Court]: Both of them are working for the district
attorney’s office and they work for Pat Lykos, who is the district attorney of
Harris County. And their job as prosecutors is to see that justice is done and
they will present evidence in this particular case.

The
State rebuts this allegation arguing the language “to see that justice is done”
is part of the statutory definition of prosecutors’ duties and thus did not
prejudice appellant’s presumption of innocence.  See Code Crim. Proc.
Ann. art. 2.01 (Vernon 2005)[5]. 
We agree.

A.        Standard
of Review

As
a preliminary matter, appellant did not object to any of the trial court’s
comments.  Absent an objection, a defendant waives error unless the error is
fundamental, i.e., causes egregious harm.  See Ganther v. State, 187
S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Egregious
harm results when the error deprives the defendant of a fair and impartial
trial.  See, e.g., id.; Payne v. State, 194 S.W.3d 689, 697 (Tex.
App.—Houston [14th Dist.] 2006, pet. ref’d).

B.        Analysis

The
trial judge shall maintain an attitude of impartiality throughout the trial.  Simon
v. State, 203 S.W.3d 581, 589 (Tex. App.—Houston [14th Dist.] 2006, no
pet.).  To the jury the language and conduct of the trial court have a special
and peculiar weight.  Id. at 589–90.  However, to constitute reversible
error, any unauthorized comments must be reasonably calculated to benefit the
State or prejudice a defendant’s rights.  Strong v. State, 138 S.W.3d
546, 552 (Tex. App.—Corpus Christi 2004, no pet.).    

The
language “to see that justice is done” is a part of the statutory definition of
prosecutors’ duties.  See Code Crim. Proc. Ann. art. 2.01 (Vernon 2005).
This statement did not imply support for the State’s position nor did it impact
the weight of any evidence, as it was during voir dire.  We hold that the trial
court’s comment was not in error.  See Beck v. State, 681 S.W.2d 825,
828 (Tex.App.—Houston [14th Dist.] 1985, pet. ref’d), rev’d on other grounds,
712 S.W.2d 745 (Tex. Crim. App. 1986) (holding it is not prejudicial for a
prosecutor to inform the jury panel during voir dire that he is obligated to
see that justice is done).  Accordingly, appellant’s second issue is overruled.

 

 

Conclusion 

Having
overruled appellant’s issues, we affirm the trial court’s judgment. 

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.








Do Not Publish — Tex. R. App. P. 47.2(b).

 

 









[1]
See
Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4143, since amended
Act of May 30, 2003, 78th Leg., R.S. ch. 347, 2003 Tex. Gen. Laws 1505, 1514-19
eff. Sept. 1, 2003.





[2]
Appellant also argues he was denied due process under the United States
Constitution because of the alleged less-than-unanimous verdict; however, “a
state criminal defendant, at least in noncapital cases, has no federal right to
a unanimous jury verdict”.  Schad v. Arizona, 501 U.S. 624, 634 n.5
(1991) (citing Johnson v. Louisiana, 406 U.S. 356 (1972) and Apodaca
v. Oregon, 406 U.S. 404 (1972)).  Therefore, appellant’s argument under the
United States Constitution is without merit and we only address his claims under
the Texas Constitution.   





[3]
Appellant also contends the charge was in error because it tracked the exact
language from the statute.  Appellant contends the practice of using exact
statutory language in the charge was condemned by the Court of Criminal Appeals
in Dowden v. State, 537 S.W.3d 5,7 (Tex. Crim. App. 1976).  However,
more recently the Court of Criminal Appeals has held it is not error for a
trial court to track the exact language of a statute.  Martinez v. State,
924 S.W.2d 693, 699 (Tex. Crim. App. 1996).  





[4]
Appellant argues the trial court’s comment violated his presumption of
innocence under the United States Constitution and the Texas Constitution;
however he makes no meaningful distinction between his rights under each
claim.  Appellant has failed to provide any argument or authority that the
Texas Constitution provides him greater protection than the United States
Constitution.  Therefore, we will analyze appellant’s issues using federal
constitutional principles.  See Johnson v. State, 853 S.W.2d 527, 533
(Tex. Crim. App. 1992) (declining to address appellant’s arguments regarding
his state constitutional rights when appellant did not make a distinction
between the United States Constitution and the Texas Constitution).





[5]
“It shall be the primary duty of all
prosecuting attorneys, including any special prosecutors, not to convict, but
to see that justice is done.” Code Crim. Proc. Ann. art. 2.01 (Vernon 2005).