Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

Nos. 04-11-00522-CR & 04-11-00523-CR

Isauro **SOLIS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court Nos. 11,625CR & 11,626CR
Honorable Carl Pendergrass, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  September 5, 2012

AFFIRMED

Isauro Solis, Jr. was convicted by a jury of multiple counts of aggravated sexual assault

and sexual assault of his two nephews, M.C. and F.C.[1]  The assaults began when F.C. and M.C.

were eight and seven years old, respectively, and continued for a period of ten years.  Solis

presents six issues on appeal challenging the jury charge, the failure to require an election by the

---

[1] The indictment in trial court cause number 11,625CR contained three counts charging Solis with offenses involving F.C.; however, the State elected to proceed on only two of the counts.  The indictment in trial court cause number 11,626CR contained six counts charging Solis with offenses involving M.C.  The jury found Solis guilty of both counts involving F.C. and five counts involving M.C.

State, the admissibility of certain evidence, and a restriction placed on cross-examination of the victims. We affirm the trial court's judgment.

## JURY CHARGE: APPLICATION PARAGRAPHS

In his first issue, Solis contends the jury charge contained "no application or a defective application of the law to the facts of the case."

"The meaning of a jury charge must be taken from the whole charge, and jurors are not authorized to return a verdict except under those conditions given by the application paragraph of the charge." *Wingo v. State*, 143 S.W.3d 178, 190 (Tex. App.—San Antonio 2004), *aff'd*, 189 S.W.3d 270 (Tex. Crim. App. 2006). "The application paragraph applies the law to the facts, and asks an ultimate question of the jury about whether the defendant is guilty." *Id.* "A jury charge is adequate if it either contains an application paragraph specifying all of the conditions to be met before a conviction [ ] is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.'" *Id.* (quoting *Plata v. State*, 926 S.W.3d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds, Malik v. State*, 953 S.W.2d 234 (1997)).

In this case, the jury charge initially quotes each count of the two indictments verbatim before setting forth the abstract portion of the charge. The application paragraphs of the charge then provide:

> Now, therefore, bearing in mind the foregoing definitions and instructions, you are to consider separately and distinctly each count as presented in each indictment individually before proceeding to the next count in the indictment.
>
> If you believe from the evidence beyond a reasonable doubt that the defendant, ISAURO SOLIS, JR., in the County of Val Verde, the State of Texas, did then and there commit the offense as alleged in Count 1 and/or Count 2 and/or Count 3 and/or Count 4 of the indictment, in Cause No. 11,626, you will find the

defendant "Guilty" of the offense(s) of Sexual Assault and so say by your verdict. If, however, you have a reasonable doubt thereof, you will find the defendant "Not Guilty" of the offense of Sexual Assault and so say by your verdict.

If you believe from the evidence beyond a reasonable doubt that the defendant, ISAURO SOLIS, JR., in the County of Val Verde, the State of Texas, did then and there commit the offense as alleged in Count 5 and/or Count 6 of the indictment, in Cause No. 11,626, you will find the defendant "Guilty" of the offense(s) of Aggravated Sexual Assault and so say by your verdict. If, however, you have a reasonable doubt thereof, you will find the defendant "Not Guilty" of the offense of Aggravated Sexual Assault and so say by your verdict.

If you believe from the evidence beyond a reasonable doubt that the defendant, ISAURO SOLIS, JR., in the County of Val Verde, the State of Texas, did then and there commit the offense as alleged in Count 1 of the indictment in Cause No. 11,625, you will find the defendant "Guilty" of the offense(s) of Sexual Assault and so say by your verdict. If, however, you have a reasonable doubt thereof, you will find the defendant "Not Guilty" of the offense of Sexual Assault and so say by your verdict.

If you believe from the evidence beyond a reasonable doubt that the defendant, ISAURO SOLIS, JR., in the County of Val Verde, the State of Texas, did then and there commit the offense as alleged in Count 2 of the indictment, in Cause No. 11,625, you will find the defendant "Guilty" of the offense(s) of Aggravated Sexual Assault and so say by your verdict. If, however, you have a reasonable doubt thereof, you will find the defendant "Not Guilty" of the offense of Aggravated Sexual Assault and so say by your verdict.

Although application paragraphs typically recite the factual allegations from the indictment, a jury charge is adequate if the application paragraph authorizes a conviction "under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers." *Id.* In this case, the application paragraphs necessarily and unambiguously refer to the indictment counts which were quoted in the jury charge verbatim. By quoting the indictment counts, the application paragraphs properly "appl[ied] the law to the facts and ask[ed] an ultimate question of the jury about whether [Solis was] guilty" on each separate count. *Id.* Accordingly, the application paragraphs were not erroneous, and Solis's first issue is overruled.

## JURY UNANIMITY

In his second issue, Solis argues that the trial court erred in submitting the separate offenses disjunctively, "thereby running afoul of the unanimous verdict rule." Solis contends that by submitting the different counts of each indictment in "and/or" fashion, the jury was not required to unanimously agree on each count. We disagree.

Jury unanimity is required in all criminal cases. *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007). "Unanimity ensures that all jurors reach a consensus on the same act for a conviction." *Id.*

The jury charge instructed the jury to consider "separately and distinctly each count as presented in each indictment individually before proceeding to the next count in the indictment." Unlike the verdict form in *Francis v. State*, 36 S.W.3d 121, 122-23,125 (Tex. Crim. App. 2005), which Solis cites in his brief, separate verdict forms were submitted as to each count in the instant case. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007) (noting simplest way to ensure jury unanimity is to submit separate verdict forms). Finally, the jury was instructed their verdict "must be by a unanimous vote of all members of the jury." Because the jury charge required the jury to reach a unanimous verdict as to each separate count, Solis's second issue is overruled.[2]

## ELECTION BY STATE

In his third issue, Solis contends the trial court abused its discretion by failing to require the State to elect which act of intercourse it intended to rely upon for a conviction in each count.

---

[2] Contrary to Solis's argument in his reply brief, the jury's note, asking "What happens if we are not able to reach a unanimous vote on (1) count of the charges?" indicates that the jury understood a unanimous vote was necessary on each separate count. In response, the trial judge directed the jury to the paragraph of the charge stating, "Now, therefore, bearing in mind the foregoing definitions and instructions, you are to consider separately and distinctly each count as presented in each indictment individually before proceeding to the next count in the indictment." As previously noted, the jury acquitted Solis of one count involving M.C.

The record does not, however, reflect that Solis requested the State to make such an election. Absent a motion or request by the defendant, the State is not required to make an election. *O'Neal v. State*, 746 S.W.2d 769, 771 n.3 (Tex. Crim. App. 1988); *Demps v. State*, 278 S.W.3d 62, 67 n.4 (Tex. App.—Amarillo 2009, pet. ref'd). Accordingly, Solis's third issue is overruled.

## EXTRANEOUS OFFENSE LIMITING INSTRUCTION

In his third issue, Solis contends that the trial court erred in failing to instruct the jury regarding the burden of proof concerning extraneous offenses at the punishment phase of the trial. The State acknowledges that the trial court is required to *sua sponte* provide instructions on the burden of proof for extraneous offenses offered at the punishment stage. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). The State asserts, however, that no extraneous offenses were offered at the punishment phase of trial to trigger the duty to provide the instruction. Solis replies that the State re-offered all of the evidence introduced during the guilt-innocence phase of trial at the punishment stage.

The record clearly reflects that all of the evidence admitted during the guilt/innocence phase of trial was re-admitted during the punishment phase of trial. Because the evidence admitted during guilt/innocence included evidence of extraneous offenses, the trial court erred in not instructing the jury regarding the applicable burden of proof. We review whether Solis was harmed by the error under the standard set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). *See Huizar*, 12 S.W.3d at 484-85.

Because Solis did not object to the omission of the instruction in the charge, the record must establish "egregious harm," which requires a showing that Solis was denied a fair and impartial trial, in order for Solis to be entitled to a reversal. *Huizar v. State*, 29 S.W.3d 243, 251 (Tex. App.—San Antonio 2000, pet. ref'd). "The actual degree of harm must be assayed 'in

light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.'" *Id*. (quoting *Almanza*, 686 S.W.2d at 171).

In this case, the testimony presented for the first time during the punishment phase of trial spanned only about thirty pages of the reporter's record. The charge given during the guilt/innocence phase of trial instructed the jury regarding the burden of proof applicable to extraneous offenses, so the jury was aware of the burden. Although evidence of the extraneous offenses was re-admitted by the inclusion of the prior testimony, no additional extraneous offense evidence was admitted during the punishment phase of trial. Moreover, in referring to the prior testimony regarding the extraneous offenses, the prosecutor informed the jury that it could consider that testimony for purposes of punishment "just as long as you believe it to be true beyond a reasonable doubt." Based on the record as a whole, we hold that the omission of the instruction from the jury charge did not result in "egregious harm." Accordingly, Solis's fourth issue is overruled.

### EXPERT TESTIMONY

In his fifth issue, Solis contends the trial court abused its discretion in admitting Chester[3] Harris's testimony that Solis's sexual abuse of M.C. was the root cause of M.C.'s substance abuse problem. Solis asserts that Harris was not qualified to give the testimony.

A witness may be qualified as an expert based on knowledge, skill, experience, training or education. TEX. R. EVID. 702. To be qualified to testify as an expert, the witness must have a sufficient background in a particular field and that background must "fit" the subject matter of his testimony. *Vela v. State*, 209 S.W.3d 128, 131-33 (Tex. Crim. App. 2006). "An expert must possess some additional knowledge or expertise beyond that possessed by the average person,

---

[3] Although the State called the witness Chad Harris, he testified that his name is Chester Harris.

but the gap need not necessarily be monumental." *Davis v. State*, 313 S.W.3d 317, 350 (Tex. Crim. App. 2010). "Because the possible spectrum of education, skill, and training is so wide, a trial court has great discretion in determining whether a witness possesses sufficient qualifications to assist the jury as an expert on a specific topic in a particular way." *Rodgers v. State*, 205 S.W.3d 525, 527-28 (Tex. Crim. App. 2006). We review the trial court's admission of expert testimony for abuse of discretion, and "[i]f the trial court's ruling is within the zone of reasonable disagreement, then the trial court's ruling will be upheld." *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

At the time of trial, Harris had been employed as a substance abuse counselor for four years although he had only been a counselor for about a year and a half at the time M.C. was being counseled. In training for his position, Harris completed a substance abuse course with the Institute of Chemical Dependency Studies, a 300-hour practicum, and over 6,000 hours of internship. Harris also has an associate's degree in child clinical psychology. Harris had counseled close to 400 patients, and his clients are 13 to 17 years old. Approximately ten percent of the patients Harris had counseled had a history of physical or sexual abuse, and Harris testified that he had received additional training on physical and sexual abuse. Harris stated that he had referred at least 12 to 16 clients to Child Protective Services after identifying sexual abuse as an underlying cause of their drug abuse problem. Harris testified that discovering the underlying root core of a client's drug addiction is a necessary step in treating each client. Based on this evidence, we hold the trial court did not abuse its discretion in finding Harris qualified to

testify that sexual abuse was the root cause of M.C.'s substance abuse problems.[4] Solis's fifth issue is overruled.

## CROSS-EXAMINATION

In his final issue, Solis contends the trial court erred in preventing him from asking F.C. if another person who babysat him was convicted of sexual assault. From the briefing, it appears that the questioning related to sexual abuse of F.C. and M.C. by their godfather. Solis asserts that the cross-examination could have revealed if F.C. and M.C. were "confusing [Solis's] acts with those perpetrated by their godfather."

Although a defendant's right to cross-examination is constitutionally safeguarded, the right is not absolute. *Smith v. State*, 314 S.W.3d 576, 588 (Tex. App.—Texarkana 2010, no pet.). "The trial court retains great latitude in imposing reasonable limitations on cross-examination" and "may properly limit the scope of cross-examination to prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation." *Id.* We review a trial court's decision to limit cross-examination under an abuse of discretion standard. *Id.*

In the instant case, Solis wanted to cross-examine F.C. about prior abuse by his godfather in an effort to determine if F.C. was confusing the sexual abuse by his godfather with Solis's acts. The State objected because F.C. was visibly upset in testifying and requiring him to recount other acts of sexual abuse would be harmful to F.C. F.C.'s testimony was clear with regard to Solis being the perpetrator of the acts; accordingly, the trial court did not abuse its discretion in limiting the cross-examination given the potential harm to F.C. *See id.*

---

[4] We note that Harris's testimony regarding the root cause of M.C.'s substance abuse problems was not central to the resolution of the case. *See Rodgers*, 205 S.W.3d at 528 (noting expert's qualifications are more important when the testimony is more dispositive of the disputed issues).

Even assuming the trial court erred in refusing to allow Solis to question F.C. about the prior abuse, the error would be reversible only if the evidence excluded from cross-examination would have made any significant impact upon the minds of an average jury considering the context of the trial as a whole. *Davis v. State*, 203 S.W.3d 845, 850 (Tex. Cim. App. 2006). In deciding that question, the reviewing court must determine whether it is convinced, beyond a reasonable doubt, that the fact-finding process was reliable even if the improperly restricted or excluded evidence is factored into the analysis. *Id*. at 851. In this case, evidence that F.C. was molested by his godfather was introduced into evidence through the transcript of his interview with the investigating detective. Moreover, defense counsel questioned the investigating detective about the prior molestation at length. Finally, although F.C. and M.C. were reluctant to recount the acts of sexual abuse perpetrated on them during their testimony, neither expressed any confusion about the acts having been perpetrated by Solis. Accordingly, any error by the trial court in restricting the cross-examination of F.C. with regard to this issue was harmless. Solis's sixth issue is overruled.

## CONCLUSION

The judgments of the trial court are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH