

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00067-CR

LESLIE MOSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 64,399-A, Honorable Abe Lopez, Presiding

August 2, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Leslie Moss, was convicted of the offense of sexual assault[1] and sentenced to serve 40 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant appeals, alleging that the jury charge was defective for failure to track the allegations in the indictment. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.011(a)(1)(B) (West 2011).

Factual and Procedural Background

Appellant was an inmate in the Bill Clements Unit of the Texas Department of Criminal Justice. J.C., the victim, was appellant's cell mate. J.C. testified that appellant forced him to perform oral sex on him by striking him on the head with appellant's fists and by threatening him with further violence, including a threat to pull a shank[2] and start stabbing him. After ejaculating in J.C.'s mouth, appellant told J.C. to brush his teeth with coffee. J.C. managed to spit the ejaculate in a towel. When J.C. was able, he reported the offense and turned the towel over to a prison guard.

Appellant was subsequently indicted for sexual assault of J.C. in a two-paragraph indictment. Both paragraphs alleged that appellant on or about the 27th day of July, 2008, intentionally and knowingly caused the penetration of the mouth of J.C. by appellant's sexual organ, without the consent of J.C. The first paragraph alleged that the lack of consent was caused by threatening to use force or violence against J.C., and J.C. believed that appellant had the present ability to execute the threat. The second paragraph alleged lack of consent caused by hitting J.C. in the head with appellant's hand.

At the conclusion of the testimony, the trial court prepared a court's charge. The first paragraph of the charge defined the offense of sexual assault. The second paragraph of the charge set forth the methods of proving lack of consent as follows:

> A sexual assault, as that term is used here, is without consent of the other person if the actor:

---

[2] A shank is a term used to describe a knife type of instrument that prisoners sometimes manufacture.

(1) The actor compels the other person to submit or participate by the use of physical force or violence; or

(2) The actor compels the other person to submit or participate by threatening to use force or violence against the other person and the other person believes that the actor has the present ability to execute the threat.

The application paragraph of the charge was as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of July, 2008 in Potter County, Texas, the [appellant] did intentionally or knowingly cause the penetration of the mouth of [J.C.] by the sexual organ of [appellant] without the consent of [J.C.], then you will find [appellant] guilty of sexual assault as charged in the indictment.

Appellant objected to the charge because the application paragraph did not tract the language of the indictment. Specifically, the application paragraph did not contain the two methods the State relied on to show lack of consent.

The jury found appellant guilty and sentenced him to 40 years in the ID-TDCJ. This appeal followed. Appellant's issue is that the jury charge was defective because the application paragraph did not specifically track the two methods the State averred to in its indictment to show lack of consent. We will affirm.

Standard of Review and Applicable Law

When reviewing a complaint regarding the court's jury charge, our first inquiry is whether there was error in the jury charge. Sakil v. State, 287 S.W.3d 23, 25 (Tex.Crim.App. 2009). If there was error and if the appellant objected to the error at trial, we are required to reverse if the error is calculated to injure the rights of appellant. Id. By "calculated to injure the rights of appellant," we mean that there must be some harm to the accused from the error, regardless of degree. See Druery v. State, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007).

3

The requirement for the court's charge to the jury is set forth in article 36.14 of the Texas Code of Criminal Procedure. This provides, as pertains to this matter, that the court will deliver to the jury a charge setting forth the law applicable to the case. See TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

## Analysis

For purposes of our discussion, the first question is what is the law applicable to the case. Appellant was convicted of sexual assault. See TEX. PENAL CODE § 22.011(a)(1)(B).[3] The elements of sexual assault, as alleged in the indictment, are as follows:

(1) Appellant

(2) Intentionally or knowingly

(3) Caused the penetration of the mouth of another person

(4) By appellant's sexual organ

(5) Without the other person's consent.

Id. Thus, the gravaman of the offense is the intentional or knowing penetration of the mouth of another without consent. The statutory scheme then describes the manner and means by which an actor might accomplish the act without consent of the victim. The Penal Code lists eleven ways an actor can act without the consent of the assaulted individual. See § 22.011(b), Lovings v. State, 376 S.W.3d 328, 334 (Tex.App.—Houston [14th Dist] 2012, no pet.). Two of these manner and means of proving lack of consent were alleged in the paragraphs of the State's indictment. As indicated earlier, the abstract portion of the court's jury charge defined "without consent" in a manner

_____

[3] Further reference to the Texas Penal Code will be by reference to "§ ____" or "section ____."

consistent with the allegations in the indictment.  See Vasquez v. State, 389 S.W.3d 361, 367 (Tex.Crim.App. 2012).

It is appellant's position that the manner and means whereby appellant was able to force J.C. to perform oral sex on him were elements of the offense and therefore, required to be included within the application paragraph of the court's charge to the jury. To support this proposition, appellant cites the Court to Gollihar v. State, 46 S.W.3d 243, 253 (Tex.Crim.App. 2001), and Curry v. State, 30 S.W.3d 394, 403-04 (Tex.Crim.App. 2000).  However, each of the cases cited by appellant is distinguishable from the case before the Court.  Gollihar involved an indictment alleging one specific serial number for a stolen go-cart and the proof indicating a different serial number. Golihar, 46 S.W.3d at 244.  On appeal, Gollihar raised the issue of the sufficiency of the evidence since the charge tracked the indictment and there was no other evidence regarding any other serial numbers.  Id.  at 245.  Because this was a sufficiency of the evidence issue, the court in Gollihar applied the law from Malik v. State, 935 S.W.2d 234 (Tex.Crim.App. 1997), to determine whether the variance between the proof and the indictment was fatal.  Gollihar, 46 S.W.3d at 257.  Thus, the entire thrust of Gollihar was on the variance between indictment and proof and has little value in determining whether this court's charge is in error.

Curry involved an indictment that alleged the use of a firearm in commission of an aggravated kidnapping.  Curry, 30 S.W.3d at 396.  After the trial began, the State was permitted to delete the phrase in the indictment that related to the use of a firearm. Id.  In Curry, the question facing the Court of Criminal Appeals centered on what an indictment must allege to provide proper notice.  Id. at 399.  Because of the notice

5

requirements of due process, the court held that the deletion of the language from the indictment after the trial commenced was error. Id. at 403.

The Golihar and Curry cases are not applicable to the situation faced by this Court. We are dealing with an allegation that the jury charge given by the trial court was improper. Nothing is alleged regarding variance between the indictment and proof as in Gollihar or lack of notice as in Curry. Rather, what we must decide is whether the manner and means of proving lack of consent is an element of the offense.

We begin our consideration with a review of Pizzo v. State, 235 S.W.3d 711 (Tex.Crim.App. 2007). Pizzo had been charged with indecency with a child by contact; specifically, the indictment alleged that Pizzo touched the breasts and genitals of the complainant. Id. at 712. However, the jury charge permitted conviction if the jury found Pizzo touched the breasts or the genitals. Id. On appeal, Pizzo contended that the jury charge denied him the right to a unanimous verdict. See Id. at 714.

The Pizzo court initially notes that "'jury unanimity is required on the essential elements of the offense' but 'is generally not required on the alternate modes or means of commission.'" Id. (quoting Jefferson v. State, 189 S.W.3d 305, 311 (Tex.Crim.App. 2006)). After going through a diagram of the statutory text according to the rules of grammar, the court concludes that, "[t]he means of commission or nonessential unanimity elements are generally set out in 'adverbial phrases' that describe how the offense was committed." Id. at 715 (quoting Jefferson, 189 S.W.3d at 315 (Cochran, J., concurring)). As Judge Cochran points out, "[t]he use of the prepositional word 'by' in either a statute or an indictment is a tip-off that probably . . . the phrase will be a

6

description of how the offense was committed." Jefferson, 189 S.W.3d 315. Such a phrase is not the gravamen of the offense. Id. at 316. In Pizzo, the jury charge's change from conjunctive to the disjunctive form of allegation in the application paragraph lessened the State's burden and denied appellant the right to a unanimous verdict. Pizzo, 235 S.W.3d at 719.

When we apply the teachings of Pizzo and Jefferson to the facts of our case, we find that the statute in question says that the forbidden act, sexual assault, is forbidden if it is without the consent of the other person, the victim. See § 22.011(a)(1)(B). Then the statute provides that there is a lack of consent if any of the eleven enumerated circumstances are present. As set forth in the indictment, the acts which show a lack of consent are pleaded by use of prepositional phrases beginning with "by": as in the first paragraph, "by threatening to use force or violence against [JC] and [JC] believed that [appellant] had the present ability to execute the threat" or, as in the second paragraph, "by hitting [JC] in the head with [appellant]'s hand." Therefore, the pleadings of the manner and means of vitiating consent are not part of the gravamen of the offense. See Pizzo 235 S.W.3d at 714-15; Jefferson 189 S.W.3d at 316.

If that portion of the indictment that was omitted from the application paragraph was not an essential element of the offense, then the failure to include it in the application paragraph was not error. See Pizzo, 235 S.W.3d at 714. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.