ACCEPTED
12-14-00176-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/25/2015 4:09:13 PM
CATHY LUSK
CLERK

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

6/25/2015 4:09:13 PM

CATHY S. LUSK
Clerk

**No. 12-14-00176-CR**

---

**IN THE TWELFTH DISTRICT COURT OF APPEALS
AT TYLER, TEXAS**

---

**TRENT MUMPHREY**
               **Appellant,**


**v.**


**THE STATE OF TEXAS**


**Appealed from the 114th District Court
Smith County, Texas**

---

**BRIEF OF THE APPELLANT**

---

**Clement Dunn
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783**

**ORAL ARGUMENT WAIVED**

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1. Appellant:  Trent Mumphrey

2. Appellant's Trial Counsel:  Clement Dunn
   Attorney at Law
   140 E. Tyler Street, Suite 240
   Longview, TX 75601
   TSB No. 06249300

3. Appellant's Counsel on Appeal:  Hayward M. Rigano, II
   Attorney at Law
   P.O. Box 3384
   Longview, TX 75606
   TSB No. 16915950

4. Attorney for the State:  Jacob Putman
   TSB No. 24065929
   Christopher Gatewood
   TSB No. 24062488
   Assistant District Attorneys, Smith County
   Smith County Courthouse, 4th Floor
   Tyler, Texas 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

# INDEX OF AUTHORITIES

## Cases

*Leza v. State*, 351 S.W. 3d 344, 357 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . 5

*Pizzo v. State*, 235 S.W. 3d 711, 714 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . 5

*Ngo v. State*, 175 S.W. 3d 738, 745 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . 5

*Almanza v. State*, 686 S.E. 2d 157, 171 (Tex. Crim. App. 1985)(op. On reh'g). . . . . . . . . . . 6

*Arrington v. State*, –S.W. 3d– (Tex. Crim. App. 2015) (No. PD-1448-13, dec'd 1-14-15). . 6

## Statutes and Codes

Article 37.07, V.A.C.C.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF THE CASE

Offense:       Aggravated Robbery

Verdict:       Guilty; Life years confinement - Texas Department of Criminal Justice - Institutional Division

Date of Verdict:       April 4, 2014

Trial Court:    114th  District Court, Smith County, Texas.

This case involves a prosecution for Aggravated Robbery. The case proceeded to trial before a jury on April 1, 2014, as Cause Number 114-00-13, in the 114th District Court of Smith County, Texas. (R.R.4, at 8.) On April 4, 2014, the jury returned a verdict finding the Appellant guilty of Aggravated Robbery. (R.R. 9, at 104.) Following a hearing on punishment, the jury returned a verdict assessing punishment at life imprisonment. (R.R. 10, at 102.) It is from this conviction and sentence that this appeal is taken**.**

## STATEMENT REGARDING ORAL ARGUMENT

Believing the instant case contains issues capable of resolution on the basis of the record and the briefs, the Appellant respectfully waives oral argument.

## ISSUES PRESENTED

1.       The instructions to the jury at the guilt/innocence phase of the trial failed to require the jury to agree unanimously that the Appellant acted either as the primary actor or as a party; the Appellant respectfully submits this violates Due Process (federal) and Due Course of Law (state).

2.       The trial court erred in allowing the State to raise extraneous offenses alleged to have

been committed by the Appellant at the punishment phase of the trial when the State had not proven the Appellant's commission of the offenses beyond a reasonable doubt.

## STATEMENT OF THE FACTS

This case involves an Aggravated Robbery that occurred in late September 2012 when three people intruded into a house in Tyler, Texas. Apparently there to steal both drugs and money, the intruders, armed with handguns, forcibly entered the residence, in which they encountered a male and a female. While the female hid under the sheets on a bed in a bedroom, the male, Dasha Webb, encountered these individuals. As a result of this encounter, Mr. Webb was shot several times, including being shot as he ultimately fled the house. Taken that night to a local hospital, Mr. Webb survived despite life-threatening injuries. These injuries have long-term effects, however, including what appears to be permanent paralysis.

## ARGUMENT

**Issue Number One:** The instructions to the jury at the guilt/innocence phase of the trial failed to require the jury to agree unanimously that the Appellant acted either as the primary actor or as a party; the Appellant respectfully submits this violates Due Process (federal) and Due Course of Law (state).

**Summary of the Argument:** The trial court erred in failing to require the jury to find unanimously that the Appellant was either a primary actor or a party to the offense in order to find him guilty. This failure of the trial court's instructions violates Due Process (federal) and Due Course of Law (state).

In its instructions to the jury at the guilt/innocence phase of the trial, the trial court charged the jurors as follows:

Application of law to facts.
You must determine whether the State has proved beyond a reasonable doubt that the defendant is guilty of aggravated robbery either as the primary actor or as a party.
You can convict the defendant on the testimony of Kendryon Smith only if:
(1) you find that Kendryon Smith was not an accomplice;
Or (2) you find that Kendryon Smith was an accomplice, and (A) you believe that the testimony of Kendryon Smith is true and shows the defendant is guilty; and (B) there is other evidence outside the testimony of Kendryon Smith that tends to connect the defendant, Trent Mumphrey, with the commission of the offense charged; and (C) on the basis of all of the evidence in the case, you believe beyond a reasonable doubt that the defendant is guilty.
Liability as primary actor.
You must determine whether the State has proved the defendant committed the crime by his own conduct. To prove this, the State must prove beyond a reasonable doubt three elements.
The elements are that:
(1A) the defendant, in Smith County, Texas, on or about September 30, 2012, intentionally or knowingly (A) caused bodily injury to Dasha Webb by shooting Dasha Webb with a firearm; and (B) this bodily injury was serious bodily injury;
Or (1B) the defendant, in Smith County, on or about September 30, 2012, intentionally, knowingly, or recklessly (A) caused bodily injury to Dasha Webb by shooting Dasha Webb with a firearm; and (B) the defendant used or exhibited a deadly weapon, a firearm;
And (2) the defendant did this in the course of committing theft of property owned by Dasha Webb;
And (3) the defendant had the intent to obtain or maintain control of the property that was the

subject of the theft.

If you all agree the State has proved beyond a reasonable doubt -- beyond a reasonable doubt Elements 1A, 2, and 3 listed above, you must find the defendant guilty.

If you-all agree the State has proved beyond a reasonable doubt Elements 1B, 2, and 3 listed above, you must find the defendant guilty.

Liability as party.

If any of you failed to agree the State has proved beyond a reasonable doubt either Elements 1A, 2, and 3, or Elements 1B, 2, and 3 listed above, you must next decide whether the State has proved beyond a reasonable doubt that the defendant is guilty because he is criminally responsible for the commission of a crime committed by the conduct of another person.

This is the case that the State has proved beyond a reasonable doubt five elements. The elements are that:

(1A) Kendryon Smith, in Smith County, Texas, on or about September 30, 2012, intentionally or knowingly (A) caused bodily injury to Dasha Webb by shooting Dasha Webb with a firearm; and (B) this bodily injury was serious bodily injury;

Or (1B) Kendryon Smith, in Smith County, Texas, on or about September 30, 2012, intentionally, knowingly or recklessly (A) caused bodily injury to Dasha Webb by shooting Dasha Webb with a firearm; and (B) Kendryon Smith used or exhibited a deadly weapon, a firearm;

And (2) Kendryon Smith did this in the course of committing theft of property owned by Dasha Webb;

And (3) Kendryon Smith had the intent to obtain or maintain control of the property that was the subject of the theft;

And (4) the defendant solicited, encouraged, directed, aided, or attempted to aid Kendryon Smith to commit the offense of aggravated robbery;

And (5) the defendant acted with the intent to promote or assist the commission of the offense of aggravated robbery by Kendryon Smith.

If you all agree the State has failed to prove beyond a reasonable doubt either Elements 1A, 2,

and 3, or Elements 1B, 2, and 3 above establishing the defendant's guilt as primary actor, or Elements 1A through 5 or Elements 1B through 5 listed above establishing the defendant's guilt as a party, then you must find the defendant not guilty.
If all of you who did not find the defendant guilty as the primary actor agree that the State has proved beyond a reasonable doubt each of the five elements listed above, you must find the defendant guilty.
You need not be unanimous about the theory underlying either your guilty or not guilty verdict.
If you all agree the defendant is guilty either as the primary actor, because the State has proved all elements of primary actor beyond a -- primary actor liability beyond a reasonable doubt or as a party because the State has proved all elements of party liability beyond a reasonable doubt, then you must find the defendant guilty.
If you all agree the State has either failed to prove all either Elements 1A, 2, and 3, or 1B, 2, and 3 of primary actor liability for all elements, either 1A, 2, 3, 4, and 5, or 1B, 2, 3, 4, and 5 of party liability, you must find the defendant not guilty.

RR. 9, at 30-34.

Significantly, in the midst of the above instructions, the trial court directs: "You need not be unanimous about the theory underlying either your guilty or not guilty verdict." Id., at 33-34.

The Appellant concedes that the appellate judiciary in this state has generally upheld instructions that allow a jury to convict a defendant as a primary actor or as a party to the offense without unanimous agreement among the jurors as to which he was. See, e.g., Leza v. State, 351 S.W. 3d 344, 357 (Tex. Crim. App. 2011). Perhaps in contrast, the appellate judiciary has emphasized the importance of the right to a unanimous verdict in criminal cases. This emphasis centers on jury instructions that must require a unanimous verdict. See, e.g., Pizzo v. State, 235 S.W. 3d 711, 714 (Tex. Crim. App. 2007) and Ngo v. State, 175

S.W. 3d 738, 745 (Tex. Crim. App. 2005).

In the instant case, jurors could find the Appellant guilty as a principal or as a party, without unanimously agreeing on either "theory." This means that some jurors may have found the Appellant himself entered the house with a firearm and shot the complainant; others may have found that Kendryon Smith performed these acts as a principal as the Appellant accompanied and encouraged him. Yet others may have found that the Appellant never entered the house, but acted merely as a "get-away driver," staying outside the house, in the car, facilitating the escape from the scene of the crime.

While each of these roles may adequately inform a finding of guilt of aggravated robbery, each encompasses very different conduct. With differing conduct come differing levels of culpability. A defendant in this setting must then enter the punishment phase of his trial not knowing how the jury at guilty/innocence reached its finding of guilt, or what level of culpability may arise from that. In sum, he enters the punishment phase not knowing what he must defend against--or precisely for what he has been found guilty.

The Appellant concedes that his trial counsel did not object to this ( or any other) portion of the trial court's instruction to the jury at the guilt/innocence phase of the trial. R.R. 9, at 6.  The Appellant does concede that in the absence of objection at trial, the Appellant must demonstrate egregious harm in the context of charge error alone. Almanza v. State, 686 S.E. 2d 157, 171 (Tex. Crim. App. 1985)(op. On reh'g); Arrington v. State, –S.W. 3d– (Tex. Crim. App. 2015) (No. PD-1448-13, dec'd 1-14-15). The Appellant respectfully contends, however, that this error is of constitutional dimension, and thus requires a showing of only "some harm."

As noted above, the lack of a requirement of unanimity of the jury in deciding whether the Appellant acted as a principal or as a party leaves a vacuum regarding the Appellant's actions for which he will be punished. He is, in effect, left with no notice of the acts for which he must defend himself at the punishment phase. If Due Process entails a requirement of "notice and a hearing," then this has been denied to the Appellant, as he enters his punishment "hearing" without reasonable or adequate "notice" of what acts will form the basis of that punishment. This amounts to, at a minimum, "some harm," as constitutional error, and egregious harm as "charge error." (See and cf. <u>Ngo</u>, <u>supra</u>.)

**Issue Number Two:** The trial court erred in allowing the State to raise extraneous offenses alleged to have been committed by the Appellant at the punishment phase of the trial when the State had not proven the Appellant's commission of the offenses beyond a reasonable doubt.

**Summary of the Argument:** Article 37.07, V.A.C.C.P., disallows consideration of extraneous offenses unless proven beyond a reasonable doubt; in the instant case the State brought forth extraneous matters without meeting the specific requirements of the statute.

At the punishment phase of the trial, the Appellant called as a witness his mother, Patricia Mumphrey. R.R. 10, at 48. On cross-examination of the Appellant's mother by the State, the following occurred:

> Q. Okay. So were you in his life in 2005 when he was arrested for burglary of a vehicle?
> A. Yes.
> Q. Okay. And that's when he was a juvenile, right?
> A. Yes.
> Q. Okay. Were you in his life in 2000- --
> later in 2005, when he was arrested for forgery?

A. I've always been in his life.

R.R. 55.

No further documentation or proof regarding these matters appears in the record at the punishment phase.

Article 37.07, V.A.C.C.P., states as follows, in pertinent part:

> Sec. 3 (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Article 37.07, V.A.C.C.P.

The State interjected a juvenile case – burglary of a vehicle – and an arrest for forgery, in 2005. Nowhere does the State prove the Appellant committed either of these offenses – beyond a reasonable doubt or otherwise. This does not meet the explicit criteria of Article 37.07, V.A.C.C.P., supra.

The Appellant concedes that his trial counsel failed to object to the State's reference to these offenses or the attribution of their commission to the Appellant. R.R. 10, at 55. Yet, the Appellant respectfully contends that the harm created enters the realm of the egregious. See: Almanza, supra. By bringing a juvenile matter into consideration, then adding an "arrest" for forgery, the State created a picture of Appellant as one who had a long and varied history of criminal conduct.

## PRAYER

The Appellant respectfully asks  this case be reversed and remanded to the Trial

Court for a new hearing on punishment

Respectfully submitted,

__/s/ Clement Dunn_____
140 East Tyler Street, Suite 240
Longview, Texas 75601
(903) 753-7071 Fax: 903-753-8783
State Bar No. 06249300

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this brief was delivered to the Smith

County District Attorney's Office, Tyler, Texas on this 25th day of June 2015.

__/s/ Clement Dunn_____

## CERTIFICATE OF WORD COUNT

I hereby certify that a total of 2747 words are included in this brief.

__/s/ Clement Dunn_____

BRIEF OF APPELLANT,TRENT