

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00200-CR

MARIO OLIVAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-438,972, Honorable Bradley S. Underwood, Presiding

October 2, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Mario Olivas appeals his conviction for attempted indecency with a child by contact and resulting sentence, enhanced by a prior felony conviction, of twenty years' confinement in prison.[1] Through a single issue appellant asserts the evidence was insufficient to establish his guilt. We will affirm.

---

[1] Tex. Penal Code Ann. §§ 21.11(a)(1), 15.01(a),(d) (West 2011), § 12.42(a) (West Supp. 2014).

## Background

Testimony showed that on an evening in May 2013, appellant attended a gathering at a residence, along with several other adults and some children. Among the children was five-year-old A.C.

Some adults of the group played pool in the garage. A.C.'s mother C.C. was watching a movie in a bedroom. The children played video games in another bedroom. Eventually A.C. fell asleep on the bed while others continued playing video games. A.C. was clothed in a t-shirt and shorts, with knee-length tights underneath.

At a point, appellant entered the children's room, and tried to involve himself in the video games the boys played. He then moved to the bed, beside the sleeping A.C.

Three of the boys testified to appellant's actions with A.C. Each said appellant ran his hand up under her clothing. D.H. testified he watched appellant "lick[] his hand and put it in [A.C.'s] pants." He was "[d]igging in her pants." D.H. recounted that appellant's hand was inside A.C.'s tights and moving up, under her leg. When asked where appellant's hand touched A.C., D.H. stated, "[h]er midsection." This, he further testified, meant her "pee pee." According to D.H., appellant left the room, returned, and "kept doing it" with his hand. D.H. then left the room and told one of the adults, Lily Corona, what was happening.

Another boy, S.B., testified appellant sat on the bed next to A.C., who slept on her stomach. Appellant "pulled her tights up and started licking his hand and putting it in her tights." S.B. testified appellant's hand went "into her bottom." He explained by "bottom" he meant "[h]er butt." Appellant left the children's room but returned. This

time, according to S.B., appellant "licked his hand again, and he put it in her tights and touched her bottom." Concerning the placement of appellant's hand, S.B. further testified:

> Q. All right. And again, that's the area—and so when she was laying—when she was laying on her stomach, her back side was in the air, is he sticking his hands under her tights?
>
> A. Under.
>
> Q. And is it from the bottom where her legs are or from the top where her back is?
>
> A. From the—from the bottom where her legs are.
>
> Q. So his hand is going up around where her legs are; is that right?
>
> A. Yes.

Another of the boys, A.G., testified he saw the adult male[2] pull A.C.'s "sweats" up to her shorts and place his hand inside the "sweats." He watched the male touch A.C.'s "bottom" with his hand. A.G. explained "bottom" meant "butt." A.G. further testified:

> Q. So his hand was going—was his hand between her legs, on top of her legs or do you remember?
>
> A. I think he was between.

Corona testified she went to check on the children. As she prepared to enter the children's room she saw through the partially open door appellant sitting on the bed beside A.C. He licked "the palm of his fingers, and [went] into the little girl's Spandex

---

[2] A.G. did not expressly identify appellant at trial, but no question is raised on appeal as to the identity of the adult male.

pants." His hand "was starting to go underneath" the clothing of A.C. Concerning the location of appellant's hand, Corona testified it was moving to A.C.'s "private area, her—should I say—I don't know. I guess the medical term, her vaginal, her little girl part." When Corona entered the room, appellant immediately left.

After appellant's conduct was discovered by the adults, tempers flared and the police were called. Appellant left the residence on foot but was arrested later. An indictment alleged appellant committed the offense of indecency with a child by touching A.C.'s genitals. The charge also gave the jury the option of convicting appellant of the lesser-included offense of attempted indecency with a child. The jury chose the lesser offense. The court assessed punishment as noted and imposed sentence accordingly.

Analysis

In his single issue appellant argues the evidence was insufficient to prove his conduct met the requirements of the attempt statute. He concedes the evidence might show he attempted contact with the child's anus, but argues it is insufficient to show he attempted contact with her genitals. We find appellant's contention without merit.

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d

4

560 (1979)). We "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (citing *Jackson,* 443 U.S. at 319, 326). As such, the factfinder is free to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Williams v. State,* 290 S.W.3d 407, 412 (Tex. App.—Amarillo 2009, no pet.). It is the State's burden to prove each element of the offense beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt. *Turro v. State,* 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (explaining that "the evidence is not rendered insufficient simply because appellant presented a different version of the events").

A person commits the offense of indecency with a child if, with a child younger than age seventeen and not the person's spouse, he engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" includes any touching by a person, including touching through clothing, of any part of the genitals of a child, with intent to arouse or gratify the sexual desire of any person. Tex. Penal Code Ann. § 21.11(c)(1). The indecency statute "criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state." *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007). Each of the three acts constitutes a different criminal offense. *Id.* A person's intent to arouse or gratify his sexual desire can be inferred from his conduct, his statements, and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

5

A person commits the offense of criminal attempt if, with specific intent to commit an offense, he commits an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01(a). It is said an "imaginary line" separates mere preparatory conduct, which is generally non-criminal, from an act tending to effect the commission of the offense, which is always criminal conduct. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex. Crim. App. 1984).

Viewed in the light most favorable to the verdict, four witnesses testified appellant sat beside the sleeping A.C., put his hand under her tights and moved it up her leg toward her genital area. Their testimony differed somewhat with regard to the precise area of her body appellant's hand reached. One said he touched what the witness called her "pee pee." Another said appellant's hand touched A.C.'s bottom or "butt" but further testified as A.C. lay on her stomach appellant's hand touched her from the bottom, "where her legs are." A.G. saw appellant touching A.C.'s "butt." He also testified, however, he thought appellant's hand was between A.C.'s legs. Corona testified appellant's hand was moving to A.C.'s "vaginal, her little girl part." It was for the jury to resolve any conflicts in the testimony. The evidence is clearly sufficient, however, to permit a rational trier of fact to conclude beyond a reasonable doubt that appellant's conduct constituted an act amounting to more than mere preparation that tended but failed to effect the commission of the offense of indecency with a child by contact with her genitals. *See Music v. State*, Nos. 03-04-00122-CR–03-04-00128-CR, 2005 Tex. App. LEXIS 7789 at *9-10 (Tex. App.—Austin Sept. 22, 2005, no pet.) (mem. op., not designated for publication) (finding evidence sufficiently supported conviction of

attempted indecency by contact with genitals when child complainant testified defendant placed her in his lap with her legs spread apart, put his hands in her pants outside her underwear, touched her "back part," and he normally touched her "on [her] hips"). Appellant's issue is overruled.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.